ANNIE HODNETT *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Suffolk.   January 19, 1892. — February 26, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Master and Servant — Employers' Liability Act — Regaining
Consciousness before Death — Dependency.*

Leaving to conjecture the question whether an employee of a railroad, who was injured at a certain time, regained consciousness before his death on the same day, is not a sufficient compliance with the provisions of the St. of 1887, c. 270, § 2.

The testimony of the plaintiff, the next of kin of the deceased, who was killed while in the employ of a railroad, that she was his half-sister and had two children, that he used to come in and see her and sometimes gave her money, that he sent her money every other week or so to pay her rent, and that she had no other means of support but her earnings, and since his death had had to support herself, is not sufficient to prove that she was dependent upon his wages for support within the meaning of the St. of 1887, c. 270, § 2.

ALLEN, J.   This action is brought by the plaintiff as next of kin of the deceased, under the St. of 1887, c. 270, § 2, which provides that " where an employee is instantly killed, or dies without conscious suffering, . . . the next of kin, provided that such next of kin were at the time of the death of such employee

dependent upon the wages of such employee for support, may maintain an action for damages," etc.   The employee was not instantly killed.   It was therefore incumbent on the plaintiff to prove that the deceased died without conscious suffering, and also that she at the time of his death was dependent upon his wages for support.   We are of opinion that the evidence did not sustain this burden in either particular.

In reference to the question of conscious suffering, taking the case at the strongest for the plaintiff, the evidence tended to show that the end sill of a dump car going ten or twelve miles an hour struck him on the back of the head, and bounced him against a stationary car; that the blood gushed from his mouth and nose in streams; that he was trying to make a hitch, stooped, raised his head, and the car hit him, and threw him down; that he was apparently unconscious when picked up, and was put in an ambulance to go to the hospital; that he was injured at 11.10 A. M., and a witness understood that he died at 1 P. M. No witness was called who saw him after he was put into the ambulance, or who testified that from the nature of his injuries he was not likely to regain consciousness.   So far as appears, it was possible to bring evidence of the actual facts; but on the evidence as it stood, it was left to conjecture whether he regained consciousness or not.   *Mulchahey* v. *Washburn Car Wheel Co.* 145 Mass. 281, and cases cited.

On the question of dependency, the only evidence was the testimony of the plaintiff herself, that she was his half-sister, and had two children; that he used to come in and see her and sometimes gave her money; that he sent her money every other week or so to pay her rent; and that she had no means of support but her earnings, and since his death had had to support herself.   There was nothing to show what her earnings or her expenses of living were, or that she was in fact dependent upon his wages for support.   *McCarthy* v. *New England Order of Protection*, 153 Mass. 314.   *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1.

Without considering the other objections urged by the defendant, the entry must be,          *Exceptions overruled.*

*S. Hoar*, for the defendant.

*C. G. Fall*, for the plaintiff.