KATE HOULIHAN *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

Hampden.   October 18, 1895. — November 27, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Instantaneous Death — Employers' Liability Act — Due Care — Assumption of Risk — Dependency.*

At the trial of an action against a railroad company, under St. 1887, c. 270, §§ 2, 3, for the instantaneous death of an employee occasioned by his being thrown from a trestle by the breaking of a plank while he was walking thereon, helping a fellow workman push a hand-car, it appeared that he was present when a caution to keep inside the rails was given by the foreman, and had been told by his companion just before the accident that he had better so walk, and thereupon, having been walking with one foot outside the rail, he did walk between the rails, and was so walking when last noticed by his companion, whose attention was thereafter taken up with his own work until the accident happened. *Held,* that the question of the intestate's due care was for the jury, even if it had been shown that he kept on walking with one foot outside the rail until the accident happened; and that while he assumed the general risk of falling from the trestle, he could not be held to have assumed the risk arising from the defective plank, as there was no evidence that he knew of it.

The daughter of an employee who lives with her and turns over to her all his wages, from which and from the money received for board of her two brothers, the only other members of the family, she buys the household supplies and provisions and the clothes for herself and her father, she doing the housework, using all the money as she sees fit, in no way accounting for it to her father and laying up none of it in the bank, may be found to be a " dependent," within the meaning of St. 1887, c. 270, § 2.

TORT, under St. 1887, c. 270, §§ 2, 3, by the plaintiff, as one of the next of kin of Michael Houlihan, for causing his death. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*F. P. Goulding & W. H. Brooks*, (*F. L. Dean* with them,) for the defendant.

*J. B. Carroll & W. H. McClintock*, for the plaintiff.

BARKER, J.    1. The present is not a case in which the cause of the accident and the conduct of the deceased must be wholly left to conjecture.    The evidence justifies a finding that, while walking upon a trestle helping a fellow workman push a hand car, the deceased was thrown from the trestle by the breaking of a plank, a part of which was found next to his body upon the ground.    Assuming that he fell because he stepped outside the rail, could the jury find that act to be consistent with due care ?    No doubt it was less dangerous to walk inside the rails, and not only was he present when a caution to keep inside the rails was given by the foreman, but he had been told by his companion just before the accident that he had better so walk, and thereupon, having been walking with one foot outside the rail, he did walk between the rails, and was so walking when last noticed by his companion, who was helping to push the car, and whose attention was thereafter taken up with his own work until the accident happened.    But ordinary care does not require that one should invariably adopt the very safest course of action, and, considering the construction of the trestle and the nature of the work in which he was engaged, we think that if the deceased had kept on walking with one foot outside the rail it would have been a question for the jury whether he was acting with due care.    Certainly the jury might find that a single step outside the rail was consistent with due care.    A slipping of the foot, or a stumble, or a yielding of the faulty plank might require him to put his foot outside ; and from the fact of his compliance with the fresh warning of his companion, and the fact that the latter did not thereafter notice him until he felt the jar occasioned by the fall, the jury might find that the deceased did not again step outside without some good reason.    It is suggested that he may have slipped between two planks, and so have been

thrown from the trestle, but we think the position of the body and of the broken portion of the plank upon the ground beneath the trestle, with the testimony of his companion as to what he observed, justified a finding that the accident was due to the breaking of the plank.

2. While the deceased assumed the general risk of falling from the trestle, there was no evidence that he knew of the defective plank, and he cannot be held to have assumed the risk arising from that defect.

3. The plaintiff was the daughter of the deceased, and he lived with her and turned over to her all his wages. The family consisted of her father, herself, and two older brothers, one a bricklayer and the other a janitor. She bought the household supplies and provisions, and the clothes for herself and her father, and did the housework. Her brothers paid their board to her, twenty dollars per month, and her father's wages were nine dollars a week. She used all the money as she saw fit, in no way accounting for it to her father, and she laid up no money in the bank. This state of things was quite different from that which appeared in *Hodnett* v. *Boston & Albany Railroad*, 156 Mass. 86, and we think that it supports a finding that the plaintiff was in fact dependent upon the earnings of the deceased. See *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, 5, and cases cited.          *Exceptions overruled.*