# Southern Railway Co. *v.* Vessell.

*Death Action.*

(Decided April 22, 1915.  68 South. 336.)

*Death; Wrongful; Dependent; Federal Employers Liability Act.*
—Under the Federal Employers Liability Act an elder sister of a deceased employee suing as his administratrix, who was married and in comfortable circumstances, and who had boarded deceased for about two years, prior to his death, in return for which deceased had made monthly contributions, was not dependent upon deceased, and could not recover as such dependant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Mary Alice Vessell as administratrix, against the Southern Railway Company for the death

of her testatrix.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

The tenth count alleges that plaintiff's intestate was employed by the Southern Railway Company, and, while actively engaged in the performance of his duties under said employment, was killed in Jefferson county by the collision of an engine upon which plaintiff's intestate was then and there riding with another engine at a crossing of two railroads.   Plaintiff avers that at the time of the infliction of the injuries her intestate was employed in interstate commerce, and plaintiff avers that at the time of intestate's death he was an unmarried man without children or parents, and said intestate was contributing to the support of Mary Alice Vessell, his sister, and his nephew, L. R. Lott, who were dependent upon said intestate, the sum of $300 per year; that both plaintiff and the nephew are now living, and have been deprived of said support by the wrongful death of intestate.   Plaintiff avers that the death of intestate was proximately caused by the negligence of one Sam Bowers, an employee of defendant who was acting within the line and scope of his said employment as an engineer having control of the operating of said engine on which intestate was riding at the time said collision occurred, which negligence consisted in this, said Bowers negligently caused said engine to collide.   The following is charge 6 refused to defendant:

I charge you that, under the undisputed evidence in this case, you cannot award plaintiff any damages for the benefit of Mary Alice Vessell.

STOKELY, SCRIVNER & DOMINICK, for appellant.

HUNDLEY, HOWARD & HUNT, and DENSON & DENSON, for appellee.

Mr. Chief Justice ANDERSON delivered the opinion of the court, this case having been submitted under new rule 46, and considered and decided thereunder.

This suit was brought under the Federal Employers' Liability Act, and there was a judgment for the benefit of Mary Alice Vessell, a sister of the deceased employee, who was alleged to have been killed through the negligence of the defendant's servants in the operating of one of its trains, and it was admitted that the defendant was at the time engaged in interstate commerce.

The case was tried upon the tenth count alone, which proceeded under the original act of 1908, and not under section 9, amended by the act of 1910 (Act April 5, 1910, c. 143, § 2, 36 Stat. 291 [U. S. Comp St. 1913, § 8665]) providing for a survival of the right of action by the personal representative, for the benefit of the classes dependent upon the deceased.

The federal act gives a right of action for the unlawful death of an employee to his personal representative: (1) For the benefit of the surviving husband or wife and children of such employee; (2) if no surviving wife or husband or children, then to the parents of such employee; (3) if there are none belonging to the first or the second class, then for the benefit of the next of kin "dependent" upon such employee.

As an original proposition, we might, if the question was involved, be inclined to hold that the right of action in favor of those of the first and second classes did not hinge upon the fact that they were dependent upon the employee at the time of his death, but we are now precluded from doing so, even if the question was involved upon this appeal, as the United States Supreme Court, in the case of *Railroad Co. v. McGinnis*, 228 U. S. 173, 33 Sup. Ct. 426, L. Ed. 785, held that for persons belonging to either class to get the benefit of the

statute he or she must have been a dependent upon the deceased. Rgardless, however, of this holding, there can be no doubt of the fact that, in order for a member of the third class to come within the influence of the statute, he or she must have been a "dependent" upon the deceased employee. The result is we must decide whether or not Mrs. Vessell, the beneficiary under the judgment in the case at bar, was dependent upon the deceased at the time of his death; and in order to do so we must define or interpret the word "dependent," as used in the federal statute, and which seems not to have been defined by the United States Supreme Court, though held to be a condition precedent to recovery in the *McGinnis Case, supra,* and notwithstanding the purpose of the statute and the recoverable damages was discussed in the case of *Mich. Cent. R. R. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176. The word "dependent," as used in insurance policies and statutes, as well as in statutes providing for a right or survival of action in case of the death of an employee, has been differently defined and applied by different courts; some holding that, in order to come within the statute, the beneficiary must have been solely dependent upon the deceased for support; others, not solely but substantially or materially so; a few holding that it includes those to whom the deceased made contributions and who were partially dependent upon him; and others seem to hold that in order for one to have been a dependent the deceased must have been under a legal, rather than a moral, obligation to help and support him. For a full discussion of this question, see note to the case of *Bortle v. Northern Pac. R. R.,* Ann. Cas. 1912B, 731; Words and Phrases (2d Ser.) vol. 1, p. 1298. We are much impressed with the holding and decision of the Washington court in the case of *Bortle*

*v. Northern Pac. R. R., supra,* 60 Wash. 554, 111 Pac. 789, Ann. Cas. 1912B, 732, and from which we take the following: "This evidence does not, in our opinion, establish such a support or dependency as is contemplated by the statute. It shows nothing more than such gifts as countless sons occasionally bestow upon their parents, with no thought of dependency, nor that it is a gift of necessity. Our statute means something more; while we would not give it such a strict construction as to say it means wholly dependent, or that the parent must have no means of support or livelihood other than the deceased, such a construction being too harsh, and not in accordance with the humane purpose of the act, nevertheless, there must be some degree of dependency, some substantial dependency, a necessitous want on the part of the parent, and a recognition of that necessity on the part of the child. Such we believe to be the general interpretation of like statutes. 8 Am. & Eng. Enc. of Law (2d. Ed.) 904 in speaking of like statutes, defines the correct rule as [555] : 'There must be an actual dependency on the deceased on the part of the party claiming the right of action. The mere fact that the deceased occasionally contributed to the support of such party, in an irregular way, is not sufficient, where the fact of dependency alone confers the right of action' citing *Hodnett v. Boston, etc., R. Co.,* 156 Mass. 86, 30 N. E. 224; *Houlihan v. Connecticut River R. Co.,* 164 Mass. 555, 42 N. E. 108; and *Duval v. Hunt,* 34 Fla. 85, 15 South. 876.

"In *Daniels v. Savannah, etc., R. Co.,* 86 Ga. 236, 12 S. E. 365, the court construes the word 'dependent' as meaning substantially, and not wholly, dependent, and says: 'The contribution to the father or mother by the child need not be wholly sufficient, but only such as is in part sufficient for such support, and that the word "de-

pendent" means wholly or in part dependent materially upon such child for support.'

"In *Duval v. Hunt, supra,* it is said: 'We think that, when the suit is brought by a person who bases his right to recover upon the fact that he is dependent upon the deceased for support, then he must show, regardless of any ties of relationship or strict legal right to such support, that he or she was either from the disability of age, or non-age, physical or mental incapacity, coupled with the lack of property means, dependent in fact upon the deceased for such dependence, an actual inability to support themselves, and an actual dependence upon some one else for support, coupled with a reasonable expectation of support or with some reasonable claim to support from deceased.'

"The evidence here does not bring respondents within the statute. They were in no sense dependent upon the deceased for support. The father was able to follow a daily vocation, and, if his earnings only resulted in an average income of $40 per month, that was the result of his inability to sell more goods, and his inability to solicit the sale. His necessity must not be judged from his unsuccessful effort to make a larger income, but from his physical ability to make the effort. Neither does an occasional contribution from a son [556] to a parent establish a condition of dependency. There must be a substantial need on one side and a substantial * * * recognition of that need on the other side, to make out a dependency within the meaning of this statute."

See, also, the cases of *Hodnett v. Boston R. R. Co.,* 156 Mass. 86, 30 N. E. 224; *McCarty v. Order of Protection,* 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637; *Daly v. S. & I. Company,* 155 Mass. 1, 26 N. E. 507.

In the case of *Morey v. Monk*, 145 Ala. 301, 40 South. 411, while a majority of the court held that Monk was entitled to the insurance, the decision was based upon the fact that a subsequent statute of Massachusetts made him eligible to take, and it seems to have been generally agreed that he was not a dependent upon Morey as defined by the policy; and the opinion is in line with the present holding, as to who is a dependent, and quotes from the case of *McCarty v. Order of Protection, supra.*

We do not think the evidence in this case shows such a substantial or material dependence of Mrs. Vessel upon the deceased as to bring the case within the influence of the federal statute. It, at most, shows that he made monthly contributions for about two years prior to his death for the benefit of the said Mrs. Vessell and a minor nephew. It also appears that the deceased was getting, in return, his board and lodging, and which was approximately worth the amount contributed to Mrs. Vessell. Mrs. Vessell, instead of being in a necessitous condition, was, as far as the proof shows, in as good financial condition as when she was supporting the deceased. Her husband had employment, they had a home, and he seems to have been able to take care of the family, including the deceased, up to two years prior to his death, and there is no proof that there was such a shrinkage or diminution in his earnings, or ability to earn, as to render his wife dependent upon the deceased or any one else. Mrs. Vessell had been like a mother to the deceased, her younger brother; and it was not only natural, but he was under a high moral duty, to aid and assist her financially and otherwise, and it may be that she lost a prospective help and support, in case she came to need and want, as time and age made their impress upon herself and husband;.

[Hart v. Coleman.]

but she was not at the time of the death of the deceased dependent upon him for a support. Had the statute intended to provide for a relative who had moral claims upon the deceased or one whom he was merely assisting, as distinguished from a "dependent," it would no doubt have been framed so as to include such persons as beneficiaries, but, worded as it is, it can include no one in the third class who was not a "dependent" upon the deceased at the time of his death for a substantial, if not an entire, support, and we must construe the statute as it is, and not as we should like to see it, or so as to cover worthy and deserving claimants who do not come within the protection of same.

It is sufficient to say that the trial court erred in refusing to give the defendant's requested charge 6, and it is therefore unnecessary for us to discuss the other assignments of error.

The judgment of the circuit court is reversed, and the cause is remanded.

MCCLELLAN, SAYRE, and GARDNER, JJ., concur.