THOMAS H. KENNEY's (dependent's) CASE.

Suffolk.    November 9, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Dependency.  *Municipal Corporations,* Liability under workmen's compensation act after acceptance of St. 1913, c. 807.  *Words,* "Dependent," "Wholly dependent."

Where a sister of an unmarried employee of a city, which had accepted St. 1913, c. 807, and thereby had become subject to the provisions of the workmen's compensation act, was induced by her brother's promise to support her to remain at home and take charge of the household, and thereafter the brother furnished all the money needed to support the household, except $15 a month paid as board by another sister who supported herself and $3 a week received as rent for a house owned by the three in common, and also paid for all his housekeeping sister's clothes and gave her whatever she needed, but where it also appeared that the housekeeping sister had $600 in a bank and a one third interest in unincumbered and productive real estate that was assessed at $1,300, it was *held,* that the evidence warranted a finding that the housekeeping sister was "dependent" on the earnings of her deceased brother for support at the time of the injury that resulted in his death but did not warrant a finding that she was "wholly dependent."

In the case stated above this court in arriving at the conclusion reached did not take into consideration the share of her brother's estate that the housekeeping sister inherited at the time of his death, for the reason that the act contemplates the determination of the question of dependency upon the facts existing at the time of the injury that resulted in the death of the employee.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board relating to compensation to be paid to Anne U. Kenney, the sister of Thomas H. Kenney, deceased, as having been one of his next of kin and wholly dependent upon his earnings for support, Kenney having been at the time of his death in the employ of the city of Boston as a janitor in a building called Curtis Hall in the part of that city called Jamaica Plain, and the claim being made under St. 1913, c. 807.

The case was heard by the Industrial Accident Board upon the report of an arbitration committee, no new evidence being presented before the board.  A transcript of all the material evidence presented before the arbitration committee was attached to their

report. The committee found that Thomas H. Kenney was a janitor in the employ of the city of Boston at Curtis Hall and received the injury which resulted in his death while fixing a pump in the swimming pool of Curtis Hall on December 26, 1914, that his finger was jammed in the pump and later blood poisoning set in, causing his death on January 5, 1915; that the employee was unmarried and lived at home with his two sisters, one of whom, Anne U. Kenney, kept house and was wholly dependent upon him for support at the time of his death; and that the other sister, Jane E. Kenney, earned her own living. They found that the average weekly wages of the employee were $23.01. The material evidence upon the question of the dependency of Anne U. Kenney is described in the opinion.

The Industrial Accident Board found that Thomas H. Kenney was a workman in the employ of the city of Boston; that while employed as a workman he received a personal injury arising out of and in the course of his employment, which resulted in his death; that his average weekly wages were $23.01; that the claimant, Anne U. Kenney, a sister of the employee, was wholly dependent upon his earnings for support at the time of his injury and was entitled to a weekly compensation of $10 for a period of four hundred weeks from the date of the injury, that is, from December 26, 1914, from the city of Boston.

In the Superior Court the case was heard by *Morton*, J., who made a decree affirming the decision of the Industrial Accident Board. The city of Boston appealed.

*W. J. O'Malley*, for the city of Boston.

*J. M. Graham*, for the dependent sister.

DE COURCY, J. The city does not contest the findings of the Industrial Accident Board, that Thomas H. Kenney was a "workman" in its employ, within the scope of St. 1913, c. 807 (which provides compensation for certain public employees); and that the personal injury which resulted in his death arose out of and in the course of his employment. The controversy relates only to the finding and decision of the board that the claimant Anne U. Kenney, a sister of the employee, was wholly dependent upon his earnings for support at the time of his injury.

Although there is no appeal from the finding of the board upon questions of fact (*Diaz's Case*, 217 Mass. 36; *Bentley's Case*, 217

Mass. 79), nevertheless, where all the evidence is reported, there is open for revision the question of law, whether there was any evidence to support the findings. There also is necessarily involved the inquiry whether the board, in applying the law to the facts, correctly interpreted the terms "wholly" and "partially dependent," as used in the workmen's compensation act. *Herrick's Case*, 217 Mass. 111. *Sponatski's Case*, 220 Mass. 526.

On the issue of the claimant's dependency upon her brother, Thomas H. Kenney, the board were justified in finding the following facts: Fifteen years before his death, and under his promise to support her, the claimant was induced to remain at home and take charge of the household. The family then comprised their invalid mother (who died later), their father (who died in December, 1910), a younger sister, Jane E. Kenney, the brother Thomas H. Kenney (who died on January 5, 1915), and the claimant. The sister Jane paid $15 a month for her board. Thomas furnished all other money needed to support the household, every month giving directly to the claimant $20 in money, and $3 a week, received as rental from a house owned by the three in common. He also paid the bills for rent, gas, coal and milk. In addition, he paid for all her clothes, and gave her whatever she needed. There was no agreement in regard to wages.

St. 1913, c. 807, adopted the provisions for compensation set forth in the workmen's compensation act. Accordingly, in case of fatal injury to a workman employed by a city that has accepted the provisions of the act, a certain weekly payment for a specified period is to be made to "the dependents of the employee, wholly dependent upon his earnings for support at the time of injury." If the employee leaves "dependents only partially dependent upon his earnings for support at the time of his injury" they are to receive a smaller payment. St. 1911, c. 751, Part II, § 6, as amended by St. 1914, c. 708, § 2. A husband, wife or child under certain circumstances is "conclusively presumed to be wholly dependent for support upon a deceased employee;" and "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." Part II, § 7 of the act, as amended by St. 1914, c. 708, § 3. The word "dependents," as used in the act, is therein defined as meaning "members of the employee's family or

next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." Part V, § 2. It is the contention of the employer that on the facts found here, there is no warrant for a finding that the claimant was a "dependent," within the meaning of that word as used in the act.

It has been pointed out that this statute is based on the theory of compensation. See *Cripps's Case*, 216 Mass. 586; *Nelson's Case*, 217 Mass. 467. In the case at bar the earnings of the employee were the chief source to which the claimant looked for her maintenance and support. Apparently his regular and substantial payments were given by him and received by her, not as a gratuity, but in recognition of a moral if not a legal obligation to support her, in accordance with the promise made when he induced her to become a non-producer. This is enough to create a relation of dependency as a basis for compensation. *Caliendo's Case*, 219 Mass. 498. *Main Colliery Co. Ltd.* v. *Davies*, [1900] A. C. 358. *Houlihan* v. *Connecticut River Railroad*, 164 Mass. 555. *Wilber* v. *New England Order of Protection*, 192 Mass. 477. *Mehan* v. *Lowell Electric Light Corp.* 192 Mass. 53. And, adopting what was said in *Herrick's Case*, 217 Mass. 111, 113, "that but for her sense of duty, because she thought that her father [in this case brother] needed her care, she might have continued to earn enough for her own support, and to be independent of him, cannot be decisive as matter of law against her claim." *Howells* v. *Vivian & Sons*, 4 W. C. C. 106. The contention that the claimant was employed as a housekeeper, under a contract for wages, is disposed of by the findings of fact, fully warranted.

While we are of opinion that the facts warrant a finding that the claimant was "dependent," we do not think there was warrant for the finding that she was "wholly dependent" upon the employee's earnings for support at the time of his injury. Admittedly she had $600 in a bank, and one third interest in unincumbered and productive real estate in Boston that was assessed for $1,300. This separate and independent fund of her own, available for her support, is too substantial to be ignored. In *Buckley's Case*, 218 Mass. 354, the claimant was frail, and the interest she had in a piece of real estate was of little, if any, value for use or for sale. In *Carter's Case*, 221 Mass. 105, also, the claimant was too ill to go out to work, and the fact that she had saved $100, of which

fifty or sixty dollars had been used since the death of the employee, was deemed to have practically no bearing upon the question of her total dependency. We do not take into consideration what has come to her as one of his heirs, because the act points to matters antecedent to the employee's death. *Pryce* v. *Penrikyber Navigation Colliery Co. Ltd.* [1902] 1 K. B. 221. But wholly aside from that, on the facts, the employer in the present case was entitled to the ruling which in substance it requested, that the claimant was not shown to be "wholly dependent" upon the said Thomas H. Kenney. In other respects the record discloses no error of law. That the claimant was one of the next of kin of the deceased employee is not disputed.

It follows from what has been said that the case should be remanded to the Industrial Accident Board for further hearing, in accordance with this opinion.

*Decree reversed.*