## WELLS-DICKEY TRUST COMPANY v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.[1]

January 29, 1926.

No. 24,936.

**Finding of dependency sustained by evidence.**
1. In a death action under the Federal Employers Liability Act, the jury was justified in finding that a sister of the employe was dependent on him, although she was of age, free from physical or mental disability and capable of earning her own livelihood, it being made to appear that at her brother's request she had given up an independent occupation to manage his household and care for their mother, and that she regularly received from him money for her support and for the maintenance of the family.

**How dependency is determined.**
2. Dependency is to be determined from the facts and circumstances of each particular case. It may exist, although there was no actual necessitous want on the part of the alleged dependent, if he or she received support from one who furnished it voluntarily and who might reasonably be expected to continue to do so.

Death, 17 C. J. pp. 1208 n. 81; 1209 n. 86, 87; 1212 n. 14; 1213 n. 20; 1214 n. 22, 23, 25, 26, 27.
Dependent, 18 C. J. p. 555 n. 7.

After the former appeal the case was tried before Guilford, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*Denegre, McDermott, Stearns & Weeks*, for appellant.

*Tautges & Wilder, Robert J. McDonald* and *F. M. Miner*, for respondent.

LEES, C.

This case has been here before and is reported in 159 Minn. 417, 199 N. W. 101, to which reference is made for an outline of the facts.

[1]Reported in 207 N. W. 186.

It was there held that the plaintiff, after the death of the mother of the deceased employe, might maintain this action for the benefit of the employe's sister.

But two questions were litigated at the second trial: (1) Was the sister dependent on her brother at the time of his death? (2) If she was, what pecuniary loss did she sustain? Defendant rested without introducing any evidence and moved unsuccessfully for a directed verdict. Both questions were submitted to the jury and a verdict returned for $4,700. This appeal is from the judgment.

The errors assigned are the refusal to direct a verdict and the denial of the motion for judgment notwithstanding the verdict. Both motions were based on the alleged failure of proof of the sister's dependency within the meaning of U. S. Comp. St. 1916, § 8657, which reads in part as follows:

"Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee."

The evidence showed that the Anderson family lived at Creston, Iowa, and that Ada C. was a member of the family until she became 19 years of age, when she went to Chicago, where she obtained employment and supported herself for a period of about 6 years. In the meantime her father died, her mother, with a younger daughter and the son, Elmer E., remaining in the old home. The mother's health became impaired and Elmer decided to induce Ada to return and take charge of the household and care for the mother. He went to Chicago in 1916 or 1917 and had a conversation with Ada, heard by a disinterested witness who testified that he asked Ada to come home and "take care of the house and he would pay her

a great deal more money than she could earn in Chicago, and in the event of the mother passing out, if she would still keep his home, she could depend on him for the future. * * * After the mother passed away she could still depend on him for her living and that he would look after her future." Following this conversation Ada gave up her position in Chicago, went home and managed the household and cared for her mother for about four years. Soon after her return her sister died and on November 1, 1920, when Elmer lost his life, he and Ada and their mother constituted the family. From the time of Ada's return until November 1, Elmer provided for the maintenance of the home and for her support. After his death and the death of her mother, Ada returned to Chicago, where she was earning a livelihood at the time of the trial.

Appellant contends that, because Ada was able to support herself when she left home for the first time, is supporting herself again and has no physical or mental disability, she was not dependent on her brother at the time of his death.

Webster's Dictionary defines a dependent as "one who depends; one who is sustained by another, or who relies on another for support or favor." Ada was sustained by her brother and relied on him for support, and was dependent under this definition. But, of course, general definitions of a word contained in a statute do not control the interpretation of the statute, for it is always the duty of a court to ascertain, if possible, the sense in which the word was used by the lawmakers and to give it the meaning intended.

The statute under consideration designates three classes of beneficiaries: (1) The surviving spouse and children of the employee; (2) the employee's parents; (3) next of kin dependent upon the employee. One in the first or second class has a right of recovery if he or she is shown to have sustained some pecuniary loss because of the death of the employee. Gulf C. & S. F. Ry. Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. ed. 785. "The pecuniary loss is not dependent upon any legal liability of the injured person to the beneficiary. That is not the sole test. There must, however, appear some reasonable expectation of pecuniary assistance or sup-

port of which they have been deprived." Mich. Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914C, 176. See also Moffett v. B. & O. R. Co. 220 F. 39, 135 C. C. A. 607.

Where the action is brought for the benefit of a member of the third class, dependency must be shown. There are cases holding that there is no dependency unless there was actual necessitous want on the part of the beneficiary and a recognition of that necessity on the part of the decedent. Duval v. Hunt, 34 Fla. 85, 15 South. 876, is the leading case, and the opinion [at page 100] contains this language:

"A person who bases his right to recovery upon the fact that he is a dependent upon the deceased for support * * * must show, regardless of any ties of relationship or strict legal right to such support, that he or she was, either from the disability of age, or nonage, physical or mental incapacity, coupled with the lack of property means, dependent in fact upon the deceased for a support. There must be, when adults claim such dependence, an actual inability to support themselves, and an actual dependence upon some one else for support, coupled with a reasonable expectation of support, or with some reasonable claim to support from the deceased."

So. Ry. Co. v. Vessell, 192 Ala. 440, 68 South. 336, Ann. Cas. 1917D, 892, and Bortle v. N. P. Ry. Co. 60 Wash. 552, 111 Pac. 788, Ann. Cas. 1912B, 731, quote this statement with approval, and appellant asks us to apply the doctrine of these cases to the facts in the case at bar. We must decline to do so for these reasons:

Whether a person is dependent on another is essentially a question of fact to be determined from the circumstances of the particular case. If the evidence furnishes a reasonable basis for the conclusion of partial or total dependency, a jury may find for the plaintiff and award damages commensurate with the pecuniary loss suffered. One of the circumstances to be considered is whether the person for whose benefit the action is brought had a reasonable expectation of support from the deceased. Was she being supported by him in whole or in part? Did he provide for her support regularly or

irregularly? For how long a time had he supported her? These are some of the questions to be considered in determining whether or not the beneficiary was dependent on the deceased, had a well-founded expectation of support, and suffered a pecuniary loss by reason of his death. In re Carroll, 65 Ind. App. 146, 116 N. E. 844.

We think it cannot be said that an adult, free from disability and capable of earning a livelihood, can never be dependent on another. It is a matter of common knowledge that women are sometimes supported by near relatives able and willing to provide a home for them. A woman in that situation is freed from the necessity of becoming a wage-earner. By following some gainful occupation for which she is fitted, she may be able to earn enough to pay for food, shelter and clothing, but that fact does not demonstrate that she is not a dependent. A sister may be under no contract to live with a brother and manage his household affairs for him, and he under none to continue to provide her with a home, but as long as he does she is dependent on him, and when his death cuts off that source of support she suffers a pecuniary loss, and compensation under the statute is the substitute for that which she has lost.

Our attention has not been called to any case directly in point. In construing workmen's compensation acts the courts have often had occasion to consider the meaning of the word "dependent." See notes in Ann. Cas. 1918B, 749, et seq; 13 A. L. R. 686; 30 A. L. R. 1253 and 35 A. L. R. 1066. See also Herrick's Case, 217 Mass. 111, 104 N. E. 432; Kenney's Case, 222 Mass. 401, 111 N. E. 47, and Blanton v. Wheeler & Howes Co. 91 Conn. 226, 99 Atl. 494, Ann. Cas. 1918B, 747. These cases point to the conclusion we reach in holding that a finding of dependency was permissible under the circumstances of the present case, and in adopting as the true test of dependency actual support rather than inability on the part of the alleged dependent to earn a livelihood.

Judgment affirmed.

On February 19, 1926, the following opinion was filed:

PER CURIAM.

One ground of the defendant's motion for a directed verdict was

that the sister of the decedent was not a beneficiary under the statute, his mother living at his death but dying before action brought, and that the action could not be maintained; and error is assigned in the denial of such motion and the motion for judgment notwithstanding the verdict. The question was considered on the former appeal and is again pressed by the defendant. We held that the sister was a beneficiary within the Federal act, and that there could be a recovery if she was in fact a dependent. So far as we are advised but one case, Kerner v. Trans-Mississippi T. R. Co. 158 La. 853, involving a similar statute, has arisen since. The conclusion there reached is not in harmony with that adopted by us. The contention of the defendant has been considered again on this appeal, we adhere to the decision made on the former one, and the judgment is affirmed.