KETCHIKAN LUMBER & SHINGLE CO. v. BISHOP et al.

Circuit Court of Appeals, Ninth Circuit.
January 23, 1928.

No. 5199.

1. **Master and servant** ⟛388—Test of dependency, to authorize recovery for death of employee, is actual support (Workmen's Compensation Act Alaska).

In an action by parents under Workmen's Compensation Act Alaska (Laws 1923, c. 98), which authorizes recovery by dependent parents for the death of their son, who was killed while in employ of defendant, the test of dependency is actual support, rather than inability of the alleged dependent to earn a livelihood.

2. **Admiralty** ⟛21—Compensation Act held applicable to accidental death of employee, though on navigable waters (Workmen's Compensation Act Alaska).

Workmen's Compensation Act Alaska (Laws 1923, c. 98) *held* to apply in case of accidental death of employee, though occurring on navigable waters; no question of tort being involved.

In Error to the District Court of the United States for Division No. 1 of the Territory of Alaska; Thos. M. Reed, Judge.

Action at law by Mary A. Bishop and J. F. Bishop against the Ketchikan Lumber & Shingle Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

A. H. Ziegler, of Ketchikan, Alaska, for plaintiff in error.

George B. Grigsby, of Ketchikan, Alaska, and Robert W. Jennings, of San Francisco, Cal., for defendants in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The son of the defendants in error came to his death as the result of an accident arising out of and in the course of his employment while in the service of the plaintiff in error. For the loss of his support the defendants in error, as plaintiffs in the court below, recovered each a judgment against the plaintiff in error for the sum of $1,560, under the provisions of the Workmen's Compensattion Act of Alaska (Session Laws 1923, c. 98) which provides: "(5) Where such deceased employee was survived by his or her father and mother, both dependent upon him or her for support at the time of his or her death, such father and mother, dependent upon him or her for support, shall be paid the sum of one thousand five hundred sixty dollars ($1,560.00) each." Section 1. The defendant, in its answer to the complaint, denied that at the time of the death of the employee his father or mother were dependent upon him for support, and for a further defense alleged that the injury which caused his death occurred on navigable waters of the Pacific Ocean.

Error is assigned to the denial of a request to instruct the jury that, unless the evidence showed that the plaintiffs were at the time of the death of their son actually and totally dependent upon his earnings for their livelihood, the verdict must be for the defendant. But it does not appear in the bill of exceptions that such request for an instruction was made, nor does the bill of exceptions include the instructions which were given, or show that exception was taken to any ruling on the trial, other than that which was taken on the denial of the defendant's motion for a nonsuit and a directed verdict made at the close of the plaintiffs' case and before the defendant had offered its evidence. There is no exception or assignment, therefore, which requires us to consider the defendant's contention that the evidence was insufficient to show that at the time of the death of their son the plaintiffs were dependent upon him for support.

[1] We have looked into the testimony, however, sufficiently to ascertain that there was evidence to support the verdict; that there was undisputed testimony that from the time when the deceased was 16 years of age until the time of his death 8 years later he contributed substantially and regularly to the support of his father and mother, increasing his contributions as they grew older; that during the 4 years immediately prior to his death his contributions became their main support, and a portion of the time their entire income; and that he was relied upon for their support in the future. It is to be borne in mind that the true test of dependency is actual support, rather than inability on the part of the alleged dependent to earn a livelihood. Wells-Dickey Trust Co. v. C., B. & Q. R. Co., 166 Minn. 79, 207 N. W. 186. "Mere ability to earn a livelihood is not necessarily inconsistent with dependency, nor is the fact that the aid or support comes from one who possesses less income than the recipient. The test is whether the latter relied upon the contributions for his or her living expenses, wholly or partially, judging these by what would be reasonable for one in his or her class and position in life." Blanton v. Wheeler & Howes Co., 91 Conn. 226, 99 A. 494, Ann. Cas. 1918B, 747. That a servant gave his wages to his parents, and such wages were devoted to the support of the family, is sufficient to afford a legal basis for the finding of actual dependency, within the

Workmen's Compensation Act. Havey v. Erie R. Co., 87 N. J. Law, 444, 95 A. 124; In re Carroll, 65 Ind. App. 146, 116 N. E. 844; Western & A. R. Co. v. Anderson, 34 Ga. App. 435, 129 S. E. 896.

[2] The defense that the plaintiffs were not entitled to relief under the Workmen's Compensation Law of Alaska, for the reason that the injury resulting in the death of the decedent occurred on navigable waters, is without merit. Cases are cited to the proposition that admiralty jurisdiction in tort matters depends upon locality. But that proposition is not involved here. The case is not one of tort. Tort is neither alleged nor suggested. The complaint averred that the decedent lost his life by falling from a boom into the water and drowning, or else by striking his head on a log as he fell. He was engaged in a nonmaritime employment, and there can be no question but that the case comes within the Workmen's Compensation Act. Grant Smith-Porter Co. v. Rohde, 257 U. S. 469, 476, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; Millers' Indemnity Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470.

The judgment is affirmed.