NOTTI, Appellant, *v*. GREAT NORTHERN RAILWAY CO., Respondent.

(No. 8,049.)

(Submitted April 24, 1940. Decided May 10, 1940.)

[104 Pac. (2d) 7.]

*Mr. J. Doepker* and *Mr. Rock D. Frederick,* for Appellant, submitted a brief; *Mr. Doepker* argued the cause orally.

*Messrs. Weir, Clift & Bennett* and *Messrs. Walchli & Korn,* for Respondent, submitted a brief; *Mr. D. J. Korn* argued the cause orally.

466

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action is based upon the Federal Employers' Liability Act, Title 45, section 51, U. S. C. A. The action is to recover damages for the death of Antonio Vitellone, who was killed on March 1, 1933, while employed by the defendant railway company. The complaint alleges that the railway company and Vitellone were both engaged in interstate commerce at the time the latter was killed. The court sustained a general demurrer to the complaint and, upon plaintiff's failure to amend, entered judgment in favor of the defendant.

No question is raised regarding the sufficiency of the complaint to allege negligence on the part of the railway company which proximately caused the injuries and death of Vitellone. From the complaint it appears that Vitellone died within a few minutes after sustaining the injuries. The action does not seek any compensation for his pain and suffering, nor does it seek to recover on any cause of action which the decedent himself might have had. The complaint sets out that Vitellone's father and wife had died before him, but that he left two sons, each of whom was over the age of 21 years at the time of the death of Antonio Vitellone, and who were then married and had families

of their own. It is alleged that "at the time of his death his said sons were each able-bodied men, engaged in the occupation of farming, and were not depending on Antonio Vitellone for support nor pecuniary assistance of any kind; that neither of said sons, at the time of his death, had any reasonable expectation of ever receiving support, pecuniary contributions, nor any pecuniary aid from said Antonio Vitellone, nor were they, by his death deprived of any pecuniary assistance, nor the reasonable expectation of any pecuniary assistance at any time in the future."

The action is brought by the administrator for the benefit of the mother of Antonio Vitellone, who was alleged to have been dependent upon the decedent for her support at the time of his death. The only question in the case is the proper interpretation of the Federal Employers' Liability Act. Section 51 thereof so far as applicable provides: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," etc.

It is contended by plaintiff that, since the sons had not sustained any pecuniary loss by reason of the death of their father, the mother thereupon, under the statute, became the one entitled to the benefit of the recovery under the federal statute. The defendant contends, on the other hand, that the existence of the surviving sons made them the beneficiaries under the Act, at least for nominal damages, which precludes recovery for the benefit of the mother.

As will be noted from the statute, there are three classes named in the Act for whose benefit recovery may be had when

death ensues, viz.: (1) The surviving husband or wife and children of the employee; (2) if none, then to the parents of the employee; and (3) if none, then to the next of kin dependent upon the employee.

In the interpretation of the federal statute we are, of course, bound by the interpretation placed upon it by the United States Supreme Court. In that respect the supreme court of Alabama, in *Southern Ry. Co.* v. *Vessell*, 192 Ala. 440, 68 So. 336, Ann. Cas. 1917D, 892, made a statement to which we subscribe when it said: "As an original proposition, we might, if the question was involved, be inclined to hold that the right of action in favor of those of the first and second classes did not hinge upon the fact that they were dependent upon the employee at the time of his death, but we are now precluded from doing so, even if the question was involved upon this appeal, as the United States supreme court in the case of *Gulf, C. & S. F. Railroad Co.* v. *McGinnis*, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785, held that for persons belonging to either class to get the benefit of the statute he or she must have been * * * dependent upon the deceased."

In other words, were the question presented to us without the interpretation of the United States Supreme Court, we would be inclined to agree with the contention of the defendant. However, the Supreme Court of the United States has definitely held that in order for persons in either class 1 or 2 to be entitled to the benefits of such an action, they must have sustained a pecuniary loss, or must have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employee. (*Michigan Central R. Co.* v. *Vreeland*, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; *Gulf, C. & S. F. R. Co.* v. *McGinnis*, supra; *St. Louis etc. Ry. Co.* v. *Craft*, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160; *Chesapeake etc. Ry. Co.* v. *Kelly*, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367.) And it has been held that the loss of society or companionship is a deprivation not to be measured by money. (*American R. Co. of Porto Rico* v. *Didricksen*, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456.)

Hence, the Supreme Court of the United States has construed the statute, so far as it enumerates the beneficiaries of such an action, to mean the following: ''for the benefit of the surviving widow or husband and children of such employee (sustaining pecuniary loss because of his death) and, if none, then to such employee's parents (if they have sustained pecuniary loss because of his death) and, if none, then to the next of kin dependent upon such employee.''

In other words, because of the construction placed upon the federal Act by the United States Supreme Court, we have the result correctly stated in II Roberts on Federal Liabilities of Carriers, second edition, section 882, page 1730, wherein he said: ''Moreover as a necessary result of the construction of the Act above stated, no right of action is created for the benefit of any of the enumerated classes of beneficiaries unless there lives, at the time of the employee's death, a dependent relative of that class. In the absence of such a qualified taker, on the contrary, that class is to be disregarded, and a cause of action will arise in rank represented by a qualified beneficiary. For example, if any employee, injured under conditions rendering the statute applicable, dies leaving a widow, son or daughter not depending upon him, and a mother who was dependent upon him, no right of action for the employee's death would exist for the benefit of widow, son or daughter. The class to which they would otherwise belong, not being represented by qualified takers, would be ignored, and an action would lie for the benefit of the mother.''

Defendant relies largely upon the case of *Chicago, Burlington & Quincy Ry. Co.* v. *Wells-Dickey Trust Co.*, 275 U. S. 161, 48 Sup. Ct. 73, 72 L. Ed. 216, 59 A. L. R. 758. In that case decedent's mother survived him, but died before the administrator was appointed and before any action was brought on her behalf. The action was brought for the benefit of the sister of the decedent alleged to be dependent upon him. The court held that, since there was a cause of action in favor of the mother, the daughter had no right to maintain the action. That case differs from this, however, in that in that case it was plain that the mother had a cause of action and was deprived of pecuniary

assistance by reason of the death of the employee. This appears from the report of the case appearing in *Wells-Dickey Trust Co.* v. *Chicago, Burlington & Quincy Ry. Co.,* 166 Minn. 79, 207 N. W. 186.

Defendant also relies upon section 59 of the Act, reading as follows: ''Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury.''

Defendant argues that, since there is but one action and since the administrator could maintain an action under section 59 for the benefit of the sons to recover on the cause of action which the decedent might have maintained had he lived, that indicates an intention on the part of Congress that the sons are the only ones who could maintain the action under section 51. Section 59 is not involved here. Under the record before us the death of the decedent was to all intents and purposes instantaneous. At any rate, there is no attempt here to recover on the cause of action which the decedent himself had. Moreover, for the United States Supreme Court to be consistent, it will probably have to read into section 59 the same provisos which it read into section 51, or, if not, that the administrator may maintain the one action involving both causes of action and permit the recovery under section 59 to go to one class of beneficiaries and that under section 51 to another class if the facts so warrant.

It is our view, therefore, that this action was properly instituted for the benefit of the surviving mother, and hence that the demurrer to the complaint should have been overruled.

For another reason the demurrer to the complaint should have been overruled. Even if we accept the view of the defendant as being correct, namely that the cause of action is for the benefit of the sons and that they are entitled to recover at least nominal damages, then the complaint would still be sufficient, since it

alleges that there were sons surviving. (*Melzner* v. *Northern Pac. Ry. Co.*, 46 Mont. 277, 127 Pac. 1002; and see *Woods-Hoskins-Young Co.* v. *Dittmarr*, 102 Fla. 1000, 136 So. 710.) The action is properly brought by the administrator, and if defendant's view be correct, which we hold it is not, the question presented could not have been raised by a general demurrer.

The judgment is reversed and the cause remanded with directions to set aside the order sustaining the demurrer and to enter an order overruling it.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

Rehearing denied June 3, 1940.