## McCARTHY v. M & M TRANSP. CO.
### No. 4221.

Circuit Court of Appeals, First Circuit.
Feb. 24, 1947.

See also 5 F.R.D. 290.

Richard J. Cotter Jr., of Boston, Mass. (Clarence A. Barnes and Nicholas DeLeo, both of Boston, Mass., of counsel), for appellant.

Joseph B. Wolbarsht, of Boston, Mass. (Rome & Wolbarsht, of Boston, Mass., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is an appeal from an order dismissing an action brought under the provisions of § 8(b) of the Selective Train-

ing and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 308(b), to require the respondent to restore the plaintiff to his former position as a trailer-truck driver, or a position of like seniority, status and pay.

On or about January 23, 1943, the petitioner who was a member of Local Union No. 25 of the International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers, went to work for the respondent as a heavy duty truck driver, and during the course of his employment was appointed shop steward by the Executive Board of the Local Union. It was his duty as such to try to negotiate an amicable settlement or adjustment of any dispute between the employer and employees. On August 9th of that year he was notified that he had been selected for training and service in the Armed Forces of the United States and ordered to report to the local draft board for induction on September 3rd. At that time upon being inducted into the Army he at his own request was released from active duty and transferred to the enlisted reserve corps and placed on inactive duty with orders to report on September 24th to Fort Devens for active duty. He continued in his work with the respondent on September 4th and worked that day. There is some confusion whether he worked on Sunday, September 5th, but it is clear that he worked on September 6th and until about two o'clock on the afternoon of September 7th, when he was fired. After he was fired he had a right, under the collective bargaining agreement between the respondent and the union, to submit the question of justification of his discharge from his job to arbitration by a joint employer and union committee. There was some indication he made an effort to contact the business agent of the union in order that the latter might aid him in getting his job back, but he did not present a request in writing for the submission of his complaint to arbitration as required by the collective bargaining agreement. He was discharged from the army February 9, 1945 and applied for his former position with the respondent on March 1, 1945. Since his discharge from the army offers have been made by representatives of the respondent to have the petitioner's case arbitrated. The petitioner has declined such offers. The lower court refused to allow any testimony as to the justification of his dismissal saying that this was a matter to be adjusted under the agreement between the respondent and the union. It also refused to hold that a person reporting for induction with the intent of returning home to resume his employment for three more weeks has left employment to perform training and service within the meaning of the Act. It concluded that the petitioner did not leave a position with the respondent to perform training and service with the Armed Forces and did not enter training and service of the United States within the meaning of the Act until September 24th, at which time he had no position with the respondent. It dismissed the complaint.

The question before us is whether or not the petitioner in order to perform training and service, left his position with the respondent.

■■■ In passing the Selective Training and Service Act Congress sought among other things to protect the veteran from being penalized on his return by reason of his absence from his civilian job, and the Supreme Court has stated the Act must be liberally construed to carry out its purposes. Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105; Kay v. General Cable Corp., 3 Cir., 1944, 144 F.2d 653. Here we are asked to determine what Congress meant when it used the words in § 8(b) "in the case of any such person who, in order to perform such training or service, has left or leaves a position * * *." The language of the Act is clear and unambiguous. "The first resort in ascertaining the legislative intent is to give words used in a statute their natural, ordinary and familiar meaning and that meaning will be applied unless Congress has definitely indicated the words in the statute should be construed otherwise. The plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction." Western & Southern Life Ins. Co. v. Huwe, 6 Cir., 1941, 116 F.2d 1008, 1009.

We do not intend to rest our decision on whether induction is or is not training and service since in our view it is immaterial whether petitioner went into training and service on September 3rd or September 24th. The crucial question seems to be whether or not the petitioner left his position in order to perform training or service.

From the evidence in the case it is clearly established that the petitioner at the end of his term of service in the army received a certificate of honorable discharge; that he is still qualified to perform the duties of his former position; that he has made application for re-employment with the respondent within ninety days after his discharge from the army; and that the respondent's circumstances have not so changed as to make it impossible or unreasonable to reemploy the petitioner. But in addition to these conditions, to be restored to his former position under the provisions of the Act, the burden is on the petitioner to prove that he left his position which was permanent in its nature, in order to perform military training and service in the Armed Forces, and this he has not done.

Had the petitioner notified the respondent on September 3rd that he was to report to his draft board on that date and that he was going into the army and gave up his job, there would be no question but that he would be restored to his former position after his return from service, if all the other conditions were fulfilled. There could hardly be any question of his right to restoration if he answered his draft board's notice, was inducted and went in to training and service immediately without a word to any one at his place of employment. If he had been inducted and the twenty-one day privilege were cancelled as of that time, there would be no objection to his restoration to his former position upon his return. If he had been inducted and continued his job, as here, but left in answer to a notice to report for training and service, surely his position could not be denied him. But those are not the facts here. In the instant case the lower court has found that although the petitioner was officially inducted into the military service on September 3rd, he did not leave his position at that time. On September 4th he returned to his place of employment and continued in his work until about 2 p.m. on September 7th, when he was fired. Consequently, petitioner has failed to prove that he left his job at any time in order to perform training or service. We feel, too, that this result accords with the policy of the statute which was intended to return a veteran to the status quo existing prior to his military career. This veteran's status was only that of a discharged employee of respondent. To order reinstatement in such a case would be to say that the Act was intended to give a veteran greater rights in this respect than he would have had had he not gone into service. In our view this section of the Act was intended to place a veteran in the same position he would have been in had he not been forced to enter the Armed Service. Of course, it goes without saying that an employer could not defeat the intent of the statute by discharging a man because he is going into the Armed Forces, but no such contention has here been made.

The petitioner would have us hold that he left his job on September 3rd in order to perform training or service, and that on his return to work on September 4th he was taking a job only of a temporary nature. We do not feel that such an inference is justified. If that situation were the fact it is susceptible of proof, but evidence of such being the fact was not offered. Essentially this veteran's case falls because he has failed to prove himself within the clear terms of the statute.

The justification of this petitioner's discharge is not a question in issue in this case and we see no reason for remanding it to the lower court for a finding on this point.

The order of the District Court is affirmed.