Celia AULD, Administratrix of the Estate of Harold Hefley, Deceased (Plaintiff) Appellant,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation (Defendant) Respondent.

No. 54802.

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 14, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 938.

Sommers & Montrey, Don B. Sommers, St. Louis, for plaintiff-appellant.

Robert C. Ely, St. Louis, for defendant-respondent.

HOLMAN, Judge.

This suit was filed by plaintiff as administratrix of the estate of her deceased brother, Harold Hefley, to recover dam-

ages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. In Count One of her petition plaintiff sought to recover damages for conscious pain and suffering of the deceased and in Count Two for his wrongful death. At the conclusion of the evidence the court directed a verdict for defendant on Count Two. The issues involved in Count I were submitted to the jury which returned a verdict for plaintiff in the amount of $40,000. Thereafter defendant filed a motion for judgment in accordance with its motion for a directed verdict as to Count One. The trial court sustained that motion and entered a judgment for defendant. Plaintiff has duly appealed.

At the time of his death Harold Hefley lived alone. He was 65 years old, unmarried, and had no children. He was survived by two sisters and a brother. His brother and sisters were not financially dependent on him and he did not contribute to the support of any of them. Deceased had been employed by defendant in its yards at St. Louis for many years. At about 4:35 p.m. on April 20, 1966, while engaged in his employment, he fell into an open steam pit and sustained severe burns over a large part of his body. He was taken to a hospital where he died at 8:10 p.m. on April 23, 1966.

Upon this appeal plaintiff does not complain of the action of the court in directing a verdict on Count Two as she concedes that there can be no recovery for wrongful death under the F.E.L.A. unless financial loss is shown. On its part, defendant concedes that a submissible case of negligence was made and it makes no complaint that the verdict was excessive. It therefore becomes clear that the sole question presented for our decision is whether there may be a recovery of damages for the conscious pain and suffering of deceased for the benefit of the next of kin where there is no showing that the surviving next of kin were financially dependent upon the deceased employee.

Recovery for wrongful death is provided for in § 51, supra, as follows:

"Every common carrier by railroad while engaging in commerce * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death * * *."

That section was originally enacted in 1908. The basis for recovery of damages for conscious pain and suffering by the personal representative was provided by the enactment in 1910 of what is now § 59, which reads as follows:

"Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

It is obvious that the trial court sustained defendant's motion for judgment upon the ground that "the evidence is insufficient to prove dependency on Harold Hefley of any persons named in the petition," and thus arises the question on appeal as above stated. Section 59 provides that the third class of beneficiaries, here applicable, shall be "next of kin dependent upon such employee." In construing that provision of the statute we must endeavor to ascertain the intent of Congress in enacting it and, if possible, to give effect to such intent. In that connection it has been said that " '[t]he first resort in ascertaining the legislative intent is to give words used in a statute their natural, ordinary and familiar meaning and that meaning

will be applied unless Congress has definitely indicated the words in the statute should be construed otherwise. The plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction.'" McCarthy v. M & M Transp. Co., 1st Cir., 160 F.2d 322, 323.

"Dependency is based on a condition, not a promise, and such dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of decedent, an actual dependence coupled with a reasonable expectation of support or with some reasonable claim to support from decedent." 25A C.J.S. Death § 33 (3), p. 650. A Missouri court has stated that, "[g]enerally speaking, a dependent person is one who does not have the means of his own to support himself, but must look to another to provide him with the food, clothing, shelter, education, and the like which go to make up the maintenance of a dependent." Blocker v. Most Worshipful Grand Lodge, etc., Mo.App., 132 S. W.2d 1088, 1090. See also Smith v. Pryor, 195 Mo.App. 259, 190 S.W. 69.

■ We have concluded that decedent's brother and sisters were not dependents within the meaning of § 59 and hence that the trial court acted correctly in ruling that plaintiff could not recover in this action. We have examined all of the cases cited and many others, but have not found any where a next of kin has been held to be a dependent unless there has been at least some financial contribution by the employee to his relative. In a number of cases the question has arisen as to whether the beneficiary is required to be fully or partially dependent, but we need not decide that question because here it is admitted that no financial contribution was made. In Pittsburgh National Bank v. Pennsylvania R. Co., 3rd Cir., 315 F.2d 606, recovery was denied even though the deceased employee had made substantial contributions to his brother where the brother (alleged

beneficiary) was employed and it did not appear that he was in need of the assistance. To like effect, see Southern Ry. Co. v. Vessell, 192 Ala. 440, 68 So. 336.

■ Plaintiff contends that she is entitled to recover because there are two separate claims for relief that arise in a death case under F.E.L.A., one for wrongful death and the other for the conscious pain and suffering of deceased; that the former requires pecuniary loss on the part of the beneficiaries but that the measure of damages for the latter is that which decedent would have recovered had he not died and therefore there need not be a showing of any pecuniary loss to the beneficiaries. We agree that there are two separate claims in this sort of action and that the claim under § 59 is for damages arising prior to the death of decedent. St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L. Ed. 1160. However, we do not see that the difference in the measure of damages in the two sections has any effect on the intention of Congress in its use of the word "dependent" as a condition for recovery by a next of kin. It is our view that the word "dependent" in each section has the same meaning. In this connection, see Bailey v. Baltimore Mail S.S. Co., D.C., 43 F.Supp. 243, and Petition of United States et al., D.C., 92 F.Supp. 495 [3].

■ An additional theory of recovery is shown by the following excerpt from plaintiff's brief: "Dependency may rest upon the performance by the deceased of some service or duty in behalf of the beneficiaries in regard to which they were dependent upon him; money contributions are not essential. 22 Am.Jur.2d, § 29, p. 628. It is therefore irrelevant whether or not * * * the decedent gave money to his brother and sisters, for he was in fact their blood brother, was close to them, was in frequent communication with them, was a companion to them, and it may be presumed that they were dependent upon him at least to the extent of·his society, com-

panionship, and services." It may be that a deceased employee could have rendered valuable services to a beneficiary sufficient to qualify the beneficiary as a dependent, but that suggestion is not relevant here because there was no proof that the deceased rendered any services to his brother or sisters. While the proof concerning the social and family relationship between deceased and the alleged beneficiaries is rather fragmentary we assume that there was a normal affectionate brother-sister relationship between them. We have no difficulty in concluding, however, that such is not sufficient to warrant a finding that said beneficiaries were dependents. We are convinced that when Congress provided for·recovery by a dependent next of kin it intended that there be actual dependency, i.e., a need for support on the part of the beneficiary, and actual financial contributions or the furnishing of other valuable elements of support by the deceased. The fact that a next of kin may have depended on deceased for companionship, entertainment, and even incidental services, would not be sufficient to qualify him for benefits under § 59.

Plaintiff, citing Aubuchon v. LaPlant, Mo.Sup., 435 S.W.2d 648, contends that there is a presumption that at least nominal damages have been incurred by the brother and sisters. The Aubuchon case is not applicable here. It was a suit by parents to recover for the death of a minor son. We held therein that it would be presumed that the life of such a child was of value to his parents and that at least nominal damages could be recovered. Dependency was not involved. In the case before us we think a showing of dependency by the next of kin is an essential element of the claim and hence, in the absence of such a showing, nominal damages may not be recovered.

Plaintiff also claims that defendant has waived or abandoned the issue relating to dependency because it did not complain in its after-trial motion of the failure of the court to submit the issue of dependency in the verdict-directing instruction. It is apparent from an examination of the transcript that defendant was contending throughout all of the proceedings that plaintiff was not entitled to recover because the next of kin had not been dependent on the deceased. This point is without merit and is ruled against plaintiff.

The judgment is affirmed.

BARDGETT, J., and DALTON, Special Judge, concur.

SEILER, P. J., not sitting.