FRANK NEGA, Appellee, *vs.* THE CHICAGO RAILWAYS COMPANY *et al.* Appellants.

*Opinion filed June 18, 1925.*

1. CONSTITUTIONAL LAW—*when statute providing for review of decision of administrative body does not violate due process of law.* A statute which permits judicial review of questions of law, only, arising on the decisions of an administrative body, where the act of such body is in its nature judicial rather than legislative, does not violate the due process clause of the Federal constitution.

2. WORKMEN'S COMPENSATION—*proceedings before Industrial Commission are judicial in nature.* The Industrial Commission is a non-judicial body, but its proceedings and findings, though administrative, partake somewhat of the nature of judicial proceedings.

3. SAME—*due process clause does not require review of findings of fact of commission on conflicting evidence—act of 1919.* Unless required by statute to do so, courts are not, under the due process clause of the Federal constitution, required to review findings of fact of the Industrial Commission where the same are based on conflicting evidence, and clause 1 of paragraph (*f*) of section 19 of the Compensation act of 1919, in providing for review of questions of law, only, is not unconstitutional. (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, distinguished.)

4. NEGLIGENCE—*an action against third party is barred by sections 6 and 29 of Compensation act of 1919.* Where all the parties concerned are bound by the Compensation act, sections 6 and 29 of the act of 1919 constitute a complete bar to a common law action by an injured employee against the third party causing the injury.

APPEAL from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding.

BROWN, FOX & BLUMBERG, (JOHN R. GUILLIAMS, CHARLES LEROY BROWN, FRANKLIN B. HUSSEY, and FRANK L. KRIETE, of counsel,) for appellants.

BROWN, ALSCHULER & REAGH, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, Frank Nega, was injured while driving a horse-drawn wagon for the Boyda Dairy Company. The night was dark and stormy and one of appellants' street cars ran into and injured him. The Boyda Dairy Company paid him the sum of $50 for medical services and a further sum of $1225. Appellee brought this suit in his own name to recover damages for the injuries received. The jury returned a verdict for $10,000 damages for personal injuries to Nega. It is conceded that Nega, the dairy company and the appellants were all under the Workmen's Compensation act if the act was valid. The injury was sustained on June 17, 1920. In the court below appellants moved for a verdict and judgment for them on the ground that sections 6 and 29 of the Compensation act then in force precluded the maintenance of any action by appellee against a third party causing the injury, where, as here, all parties were under the Compensation act. Appellee argued against such motion, and urges here that the entire Compensation act as it stood in 1919 was unconstitutional. The trial court held the act unconstitutional as a whole, and that for that reason it formed no bar to the action at law for injuries. Judgment was entered on the verdict, and the cause comes directly to this court because a constitutional question is involved.

It is conceded by appellee that if the Compensation act as amended in 1919 was not unconstitutional in its entirety

it constituted a complete bar to this action. Clause I of paragraph (*f*) of section 19 of the act as amended is as follows: "The circuit court of the county where any of the parties defendant may be found, shall by writ of *certiorari* to the Industrial Commission have power to review all questions of law presented by such record, except such as arise in a proceeding in which under paragraph (*b*) of this section a decision of the arbitrator or committee of arbitration has become the decision of the Industrial Commission. * * * Such suit by writ of *certiorari* shall be commenced within twenty days of the receipt of notice of the decision of the commission." (Laws of 1919, p. 548.)

It is contended by appellee that because this paragraph of section 19 did not give power to the courts to review disputed questions of fact as well as questions of law it was void as contravening the due process clause of the fourteenth amendment to the constitution of the United States, and that being so, the entire act was unconstitutional. It is urged in support of this claim that this court has, in effect, held in *Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, this paragraph is unconstitutional. This is a misconception of what was held in the *Otis Elevator Co. case.* The amendment of 1921, and not the act as it stood in 1919, was expressly held to be applicable to the review in that case. Clause I of paragraph (*f*) of section 19 as amended in 1921 (Laws of 1921, p. 457,) provided that the circuit court shall have power by writ of *certiorari* to review all questions of law and fact presented by the record. To that clause was added this proviso: "*Provided,* that no additional evidence shall be heard in the circuit court, and the findings of fact made by the commission shall not be set aside unless contrary to the manifest weight of the evidence," etc. The question involved in that case was as to the validity of this proviso, which, by stating when or how a finding could be set aside on review, sought to place a limitation not on the right of the court to review

the facts but upon the manner or rule of decision to be used and exercised by the court in such review. What was there considered was the independence and freedom of judicial consideration of issues reviewed by the court in the exercise of its own rules of decision, and the proviso referred to was held to be void as an attempt to prescribe a rule governing judicial action and determination, it there being said that whatever rules of decision courts may have themselves made do not give power to the legislature to lay down such rules. The following language was also used: "Due process of law requires submission to a judicial tribunal for determination upon its own independent judgment as to both law and facts, according to the settled rules governing action and decision,"—citing *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287. That language is to be considered in the light of the subject matter of the question before the court. Considered apart from such question it was in nowise essential or pertinent to the decision. The validity of the Compensation act as it existed prior to 1921 was not being considered, and this is clearly pointed out in the opinion and also in *Carson, Pirie, Scott & Co.* v. *Chicago Railways Co.* 309 Ill. 346. The only question considered and decided in the *Otis Elevator Co. case* that in any way touches on the validity of the statute there under consideration was that concerning the power of the legislature to prescribe rules governing judicial action and decision, and when considered in connection with the only question then before the court will readily be seen to bear in no way upon the question in this case. That case is not to be construed either as holding the Compensation act of 1919 invalid in whole or in part, or as a determination of the question whether judicial review, in order to meet the requirements of due process, must include a review of conflicting evidence as well as issues of law. That question was not in the case. The amendment of 1921 was applicable and provided for review of issues of fact as well

as issues of law. The *Ben Avon Borough case* was there cited, but the question decided in that case was not before this court.

Whether judicial review of the findings and decisions of non-judicial bodies must include the weighing of conflicting evidence in order to constitute due process of law, as required by the fourteenth amendment to the constitution of the United States, has never been· passed upon in this State. This court in *Armour & Co.* v. *Industrial Board,* 273 Ill. 590, *Chicago and Alton Railroad Co.* v. *Industrial Board,* 274 id. 336, *Victor Chemical Works* v. *Industrial Board,* 274 id. 11, and *Munn* v. *Industrial Board,* 274 id. 70, held that the finding of the Industrial Board will be sustained if there be any competent evidence in the record to support it, and that courts will not, on review, determine issues of fact where there is such evidence, but in such cases the finding of the board is conclusive. The act then in force limited judicial review to questions of law. In those cases, however, the question of due process of law was not before the court and was not decided. Nor has this question been before us in any other case. The courts of many of the States in the Union have held that the finding of facts of a non-judicial officer or commission will be sustained on review if there be any competent evidence to support it. In *Burns' case,* 218 Mass. 8, the finding by the Industrial Commission that an employee's death was approximately caused by his injury was held to be conclusive. It has been so held as to total incapacity; (*Bruce* v. *Taylor,* 158 N. W. (Mich.) 153;) percentage of disability; (*Frankfort General Ins. Co.* v. *Pillsbury,* 159 Pac. (Cal.) 150;) loss of use of.hand; (*In re 'Lemieux,* 223 Mass. 346;) the fact as to employment of the applicant; (*Dale* v. *Saunders,* 218 N. Y. 59;) and as to intoxication of the employee; (*Nekoosa-Edwards Paper Co.* v. *Industrial Com.* 154 Wis. 105.) Among other decisions in which the courts of this country have held that courts of review will not re-determine facts found by a

commission where the evidence is conflicting and there is competent evidence to support the finding, is *Kennerson* v. *Thames Towboat Co.* 89 Conn. 367. In that case it was held that the findings of fact of the compensation commissioner, (apparently corresponding to our Industrial Commission,) who hears the evidence and enters the award, will not be re-tried on appeal; that the court inquires into the facts merely to determine whether the finding and award appealed from are unauthorized in law, irregular or informal, based upon the misconception of the law or the powers or duties of the administrative tribunal, or are so unreasonable as to justify judicial interference. If the court so finds it can set aside the award, otherwise it must dismiss the appeal. In *Appeal of Hotel Bond Co.* 89 Conn. 143, 93 Atl. 245, it was held that the court may not retry conflicting facts upon which the finding of the compensation commissioner is based. To like effect are *Kenney's case,* 222 Mass. 401, *Sponatski* v. *Standard Accident Co.* 220 id. 526, *In re Bentley,* 217 id. 79, *In re Herrick,* 217 id. 111, *In re Diaz,* 217 id. 36, and numerous others. An examination of all of those cases and others discloses, however, that the question whether such acts violate the due process clause of the fourteenth amendment to the constitution of the United States—the question here—was not raised or decided.

It is urged by appellee that the Supreme Court of the United States has conclusively decided this point in accordance with his contention. The only case cited and relied upon is the *Ben Avon Borough case, supra.* In that case the Ohio Valley Water Company, a Pennsylvania corporation, was charged before the Public Service Commission of that State with demanding unreasonable rates. The commission, on hearing, found the valuation of the property of the water company and ordered a new and lower schedule of rates. The company appealed, contending that the commission's valuation was too low. The Supreme Court of

Pennsylvania held that under the Pennsylvania statute the court was not to substitute its judgment as to rates or values for that of the commission. The only question involved in the case before the commission was as to the valuation of the property of the water company, which was one purely of fact. The Public Utilities law of Pennsylvania provided that no injunction should issue modifying, suspending, staying or annulling any order of the commission or of a commissioner except upon notice to the commission and after cause shown on hearing. The Supreme Court of the United States held that under the interpretation of the Pennsylvania Supreme Court that the statute withheld from the courts the power to determine the question of valuation according to their own independent judgment, which construction was binding on the Supreme Court of the United States, there was not provided the review necessary to comply with the due process clause of the fourteenth amendment. It was held that the order prescribing a complete schedule of rates was legislative in character, and that in all cases where, in the discharge of a legislative function, rates have been made and the owner claims confiscation of his property will result, it is necessary to provide an opportunity for submitting the issue as to valuation to a judicial tribunal for determination upon its own independent judgment both as to law and facts, else the order is in conflict with the due process clause of the fourteenth amendment. The decision in the case was based upon the construction of the Pennsylvania law by the Supreme Court of that State as prohibiting any review whatever of facts upon which the rates made by the commission were based. In that case the court characterizes the rate-making power of the commission as legislative in character. In drawing the distinction between acts in their nature judicial and those legislative in character it is there said that judicial inquiry investigates, declares and enforces liabilities as they exist on a present or past state of facts. Acts "legislative

in character" are defined and explained as the discharge of a function looking to the future and changing existing conditions; that while a legislative act is usually the result of consideration of facts and investigation, it cannot be said to be in any sense an administrative or judicial determination. (*Prentis* v. *Atlantic Coast Line,* 211 U. S. 210; *Lake Erie and Western Railroad Co.* v. *Utility Com.* 249 id. 422.) The question in the *Prentis case* was whether the Federal courts could enjoin the enforcement of certain passenger rates fixed by the State Corporation Commission of Virginia on the ground that they worked confiscation of property. The Virginia act gave the commission power to make and enforce rates and to hear and decide complaints of violation of its order and to assess fines therefor. Bills for injunction restraining the enforcement of its order were filed and were demurred to on the ground the commission was a judicial body, and that under the Revised Statutes, sec. 720, (U. S. Comp. Stat. 1901, p. 581,) Federal courts are forbidden to enjoin proceedings in a State court. While the Supreme Court of the United States in that case held that the action was prematurely brought, it pointed out that rate-making is a legislative act and in nowise judicial, and the fact that the body so acting also has judicial powers does not change the character of the act. These cases distinguish between the necessity for review of facts involved in acts of non-judicial bodies which are legislative in character and the necessity for review of the findings of such bodies as are judicial in character. The *Ben Avon Borough case* appears to base the right to review facts on the proposition that rate-making is a legislative function, in which questions of fact are the only issue and in which the findings are in nowise judicial in character.

It is of further interest to note that the only cases wherein the Supreme Court of the United States has held that due process requires judicial review of controverted questions of fact are those in which the orders under review

are referred to by that court as legislative in character as distinguished from the orders administrative or *quasi* judicial. An examination of the later decisions of that court shows that in *Keller* v. *Potomac Electric Co.* 261 U. S. 428, in construing the section of the judicial code permitting review of orders of the Interstate Commerce Commission, it was held that courts could "consider all relevant questions of constitutional power or right and all pertinent questions, whether the administrative order is within the statutory authority or is an attempted exercise of it so unreasonable as not to be within it; but these are questions of law only. (*Interstate Commerce Com.* v. *Illinois Central Railroad Co.* 215 U. S. 452, 570.) Of course, the consideration of questions of law may involve a consideration of controverted facts to determine what the question of law is, but it is settled that any finding of fact by the commission, if supported by evidence, is final and conclusive on the courts." In *Interstate Commerce Com.* v. *Union Pacific Railroad Co.* 222 U. S. 541, injunction was sought against the enforcement of an order of the Interstate Commerce Commission fixing rates. It was there held that the orders of the commission are final unless beyond the power of the commission or based upon a mistake of law; that questions of fact may be involved in determining questions of law, but in consideration of the case the court confines itself to the ultimate question whether the commission acted within its powers; that it will not consider the expediency or need of the orders or whether on like testimony it would have made a similar ruling. The conclusions of the commission are subject to review but when supported by evidence are accepted as final, and courts will not examine the facts further than to determine whether there was substantial evidence to sustain the order. Such is by that case held to satisfy the demands of due process of law. These cases were decided after the *Ben Avon Borough case,* and consider orders of the Interstate Commerce Commission. It

is well settled by the decisions of that court that the Interstate Commerce Commission is an administrative body; that in hearing evidence it acts in a *quasi* judicial capacity, but that courts will not review the commission's conclusion of fact where there is evidence to support it. *Interstate Commerce Com.* v. *Louisville and Nashville Railroad Co.* 227 U. S. 88; *Interstate Commerce Com.* v. *Illinois Central Railroad Co.* 215 id. 470; *Interstate Commerce Com.* v. *Delaware, Lackawanna and Western Railroad Co.* 220 id. 251.

In *Leach* v. *Carlile,* 258 U. S. 138, an appeal had been taken from the decision of the Postmaster General made on hearing evidence concerning the exclusion of certain matter from the mails as fraudulent advertising. The court there said: "This was a question of fact which the statute committed to the decision of the Postmaster General, and the applicable, settled rule of law is that the conclusion of the head of an executive department on such a question, when committed to him by law, will not be reviewed by the courts where it is fairly arrived at and has substantial evidence to support it so it cannot justly be said to be palpably wrong and therefore arbitrary."

In *Ng Fung Ho* v. *White,* 259 U. S. 276, the court said: "Where there is jurisdiction a finding of fact by the executive department is conclusive, (*United States* v. *Ju Toy,* 198 U. S. 253,) and courts have no power to interfere unless there was either a denial of a fair hearing, (*Chin Wow* v. *United States,* 208 U. S. 8,) or the finding was not supported by evidence, (*American School of Magnetic Healing* v. *McAnulty,* 187 U. S. 94,) or there was an application of an erroneous rule of law.—*Gegiow* v. *Uhl,* 239 U. S. 3." To like effect is *Douglas* v. *Noble,* 261 U. S. 165.

The Supreme Court of the United States has upheld as not denying due process of law numerous compensation acts, in none of which was there a provision for judicial review of conflicting evidence. *Hawkins* v. *Bleakly,* 243 U. S. 210;

*Mountain Timber Co.* v. *Washington,* 243 id. 219; *Ward & Gow* v. *Krinsky,* 259 id. 503.

In *Hawkins* v. *Bleakly, supra,* the Compensation act of the State of Iowa was attacked on the ground, among others, that it did not allow an appeal on questions of fact. The act in that State provided that if review of the finding of the arbitration committee is sought, the commissioner is to hear the parties and may revise the decision of the committee or refer the matter back to it for further findings of fact. Any party in interest may present the order or decision of the commissioner or the decision of an arbitration committee on which no review has been sought to the district court of the county in which the injury occurred, whereupon the court is required to render a decree in accordance with the award or decision. The act provided that there should be no appeal upon questions of fact. The Supreme Court of Iowa in this case, and in *Hunter* v. *Colfax Consolidated Coal Co.* 175 Iowa, 245, had held this provision valid. The Supreme Court of the United States, after referring to the decision of the Iowa court, held that the act, in prescribing the measure of compensation and the circumstances under which it is to be made, and in establishing administrative machinery for applying the statutory measure to the facts of each particular case, and in granting appeals as to questions of law, thereby provided for a hearing before an administrative tribunal as to the facts and for judicial review upon all fundamental and jurisdictional questions. The court said: "This disposes of the contention that the administrative body is clothed with an arbitrary and unbridled discretion inconsistent with a proper conception of due process of law,"—citing *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531.

In *Ward & Gow* v. *Krinsky, supra,* the New York Workmen's Compensation act was attacked on the ground that it violated the due process clause of the fourteenth amendment of the constitution of the United States. That

act provided, as did the act of 1919 in this State, that the findings of fact of the commissioner are not reviewable. The court held that the act did not violate the due process clause of the Federal constitution.

In *Plymouth Coal Co.* v. *Pennsylvania, supra,* the constitutionality of a law providing a method of fixing the width of pillars to be left between adjoining coal properties was considered. It was urged that the law was invalid for the reason that the question as to whether the boundary barrier between coal mines was sufficient was left to an administrative commission and did not provide judicial review of its determination. The act was, however, sustained, it being there held that review of fundamental questions affecting the rights guaranteed by the fourteenth amendment inhered in the proceeding notwithstanding the failure of the act to so provide, and the act was not in violation of the due process clause.

We are cited to no case, and we have been able to find none, holding that a statute which permits judicial review of questions of law, only, arising on the decisions of an administrative body, where its act is in its nature judicial rather than legislative, violates the due process clause of the Federal constitution. The Industrial Commission is a non-judicial body. Its proceedings and findings, though administrative, partake somewhat of the nature of judicial proceedings. (*Mississippi River Power Co.* v. *Industrial Com.* 289 Ill. 353.) It has authority to summon witnesses, administer oaths, take testimony, hold hearings, examine and weigh evidence, make rulings of law and findings of fact and render decisions enforceable by proper proceedings in court. Though not held strictly to the rules of evidence, its consideration of incompetent evidence is subject to review. Such functions are clearly not legislative as that term is defined in the cases cited but are judicial in character, and the findings of fact of the commission are in no way lacking in analogy to the verdict of a jury. The pur-

pose of the Workmen's Compensation act is to avoid litigation, as far as possible. It establishes an administrative body, to which is given, subject to the limitations of the act prescribing the compensation and the circumstances under which it is to be awarded, the duty of applying the statute to the facts of each case. By clause 2 of paragraph (*f*) of section 19 of the act under consideration it is prescribed that "the court may confirm or set aside the decision of the Industrial Commission. If the decision is set aside and the facts found in the proceedings before the commission are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the Industrial Commission for further proceedings, and may state the questions requiring further hearing, and give such other instructions as may be proper." By this provision it is seen that in its deliberations the Industrial Commission is subject to the guidance and direction of the statute supplemented by the supervisory power of the court, and it cannot be said to possess unbridled or arbitrary power in deciding controverted issues of fact. It appears, therefore, not only to be in accord with the great weight of authority but consonant with logic and reason and the purpose of the act, to say that unless required by statute to do so, courts are not, under the due process clause of the constitution of the United States, required to review findings of fact of the Industrial Commission where the same are based on conflicting evidence. That is the question in this case. The legislature has power, therefore, to limit judicial review to questions of law. While such review requires an examination of the facts to determine whether there is competent evidence upon which to base the finding of the commission, such is a question of law. Clause 1 of paragraph (*f*) of section 19 of the Compensation act as it was amended in 1919, by which the circuit court was given power to review by writ of *certiorari* all questions of law presented by the record of the decisions of the Industrial Commission, did not violate the due

process clause of the Federal constitution. It is conceded that if the entire act be not invalid, sections 6 and 29 of the act as it then existed constituted a complete bar to this proceeding.

The judgment of the superior court is therefore reversed.

*Judgment reversed.*