In the Matter of the Claim of PAUL HELFRICK, Respondent, against DAHLSTROM METALLIC DOOR COMPANY et al., Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued March 26, 1931; decided May 12, 1931.)

*Robert H. Jackson* for appellant. The validity of section 20 of the Workmen's Compensation Law has not been adjudged by controlling Federal authority; the Supreme Court of the United States has indicated its invalidity and the interpretation of the New York act by its courts brings it within the condemnation of the Supreme Court. (*Booth Fisheries* v. *Industrial Comm.*, 271 U. S. 208; *Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Jeffrey Mfg. Co.* v. *Blagg*, 235 U. S. 51; *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Ward* v. *Krinsky*, 259 U. S. 503; *Quong Wing* v. *Kirkendall*, 223 U. S. 59; *Hawkins* v. *Bleakly*, 243 U. S. 210; *Heitz* v. *Ruppert*, 218 N. Y. 148; *LaFleur* v. *Wood*, 178 App. Div. 397; *Benjamin* v. *Rosenberg*, 180 App. Div. 234; *Kade* v. *Greenhut Co.*, 193 App. Div. 862; *Rugg* v. *Norwich Hospital*, 205 App. Div. 174; *Cohen* v. *Ashford Plumbing Co.*, 203 App. Div. 261.) The Supreme Court of the United States holds that decrees of administrative tribunals taking property must be subject to judicial review on both law and fact to comply with the requirement of due process of law. (*Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287; *Chicago, M. & St. P. Ry. Co.* v. *Minnesota*, 134 U. S. 418; *Bluefield Water Works* v. *Public Service Comm.*, 262 U. S. 679; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531; *Bradley* v. *Richmond*, 227 U. S. 477; *New York ex rel. Lieberman* v. *Van De Carr*, 199 U. S. 552; *Lehigh Valley R. R. Co.* v. *Board*, 278 U. S. 24; *Pine* v. *State Industrial Comm.*, 229 Pac. Rep. 784; *Public Service Gas Co.* v. *Board of Public Utility*, 84 N. J. Law, 463;

*Borgnis* v. *Falk Co.*, 147 Wis. 327; *Nega* v. *Chicago Railways*, 317 Ill. 482.) If the award of the Industrial Board is exempt from review upon the ground that it is a judicial rather than a legislative act, section 20 is void under the equal protection clause. ( *Nega* v. *Chicago Railways Co.*, 317 Ill. 482; *Long Island Water Co.* v. *Brooklyn*, 166 U. S. 685; *Chicago, B. & Q.* v. *Chicago*, 166 U. S. 226; *Kade* v. *Greenhut, Inc.*, 193 App. Div. 862; *Matter of Case*, 214 N. Y.199; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Mc Kellar* v. *American Synthetic Dyes*, 229 N. Y. 106; *Healey* v. *Clark*, 120 N. Y. 642; *Howatt* v. *Kansas*, 258 U. S. 181; *Hawkins* v. *Bleakly*, 243 U. S. 210; *Borgnis* v. *Falk Co.*, 147 Wis. 327; *Hart* v. *Industrial Accident Comm.*, 71 Cal. App. 542; *Alabama Freight Co.* v. *Hunt*, 29 Ariz. 419; *Green* v. *Caldwell*, 170 Ky. 571; *U. S. Casualty Co.* v. *Hampton*, 293 S. W. Rep. 260; *Gilman* v. *Tucker*, 128 N. Y. 190; *Rosin* v. *Linderwood Mfg. Co.*, 89 App. Div. 245; *Truax* v. *Corrigan*, 257 U. S. 312.)

*John J. Bennett, Jr., Attorney-General (E. C. Aiken* of counsel), for respondent. Section 20 of the Workmen's Compensation Law is constitutional. (*Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Hawkins* v. *Bleakly*, 243 U. S. 210; *Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287; *Bluefield Water Works* v. *Public Service Comm.*, 262 U. S. 679; *Booth Fisheries* v. *Industrial Comm.*, 271 U. S. 208; *Mc Kane* v. *Durston*, 253 U. S. 684; *Reetz* v. *Michigan*, 188 U. S. 505; *Standard Oil Co.* v. *Missouri*, 224 U. S. 271; *Radio Comm.* v. *General Electric Co.*, 281 U. S. 464; *Dohany* v. *Rogers*, 281 U. S. 302.)

CRANE, J. On March 23, 1929, Paul Helfrick, of Jamestown, New York, was employed as a blacksmith by Dahlstrom Metallic Door Company, of the same place. While engaged in the regular course of his employment

on that day he accidentally injured his fingers, for which the State Industrial Board has made him an award of $395.41. The employer and the insurance carrier challenge the award on the ground that the procedure under our State Workmen's Compensation Law (Cons. Laws, ch. 67) has, or will deprive the employer of his property without due process of law, in that the Board has been made the final arbiter of the facts without any review upon the weight of evidence in a court of law.

The Labor Law of the State (Cons. Laws, ch. 31) by section 12 provides for an Industrial Board, consisting of five members, at least one of whom shall be an attorney and counselor at law duly admitted to practice in the State. The members are appointed by the Governor by and with the advice of the Senate, the term of office being six years. Each member is obliged to take the constitutional oath of office.

The Workmen's Compensation Law, by section 20, gives to this Board full power and authority to determine all questions in relation to the payment of claims presented to it for compensation. The Board shall make or cause to be made such investigation as it deems necessary, and upon application of either party shall order a hearing, and within thirty days after a claim is submitted shall make an award and file the same in the office of the department. This section further provides as follows: " The decision of the board shall be final as to all questions of fact, and, except as provided in section twenty-three, as to all questions of law."

Section 23 provides for an appeal to the Appellate Division of the Supreme Court within thirty days after the award or decision is made. The Board may also of its own motion certify to such Appellate Division questions of law involved in its decision. The Board shall be deemed a party to every such appeal, and the Attorney-General, without extra compensation, shall represent it. From the decision of the Appellate Division an appeal

lies to this court where the decision has not been unanimous in the Appellate Division, or the consent of that court or of this court has been obtained. Such appeals are subject to the law and practice applicable to appeals in civil actions.

In *Pine* v. *State Industrial Comm.* (107 Okla. 40) and *Public Service Gas Co.* v. *Board of Public Utility Commrs.* (84 N. J. L. 463) similar statutory provision, making a decision of a commission final as to the facts, was interpreted to mean final as a termination which ended the proceedings, and, therefore, did not attempt to take from the courts a constitutional power to review the facts. Although by article VI, section 1, of our State Constitution, the Supreme Court is continued with general jurisdiction in law and equity, subject to such appellate jurisdiction of the Court of Appeals as now is or may be prescribed by law, the same Constitution, subsequent to *Ives* v. *South Buffalo Ry. Co.* (201 N. Y. 271), was amended by article I, section 19, to read as follows: " Nothing contained in this Constitution shall be construed to limit the power of the Legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or by employers and employees or otherwise, * * * of compensation for injuries to employees or for death of employees resulting from such injuries without regard to fault as a cause thereof, * * * for the adjustment, determination and settlement, with or without trial by jury, of issues which may arise under such legislation; * * * " etc.

This court in 1916 decided in *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) that the decision of the Commission or the State Industrial Board was final on all questions of fact, and such has been the practice in this State ever since that time. The decision by the Board does not take from the courts any of the powers invested in them by the State Constitution as was the instance in the Oklahoma and New Jersey cases above cited. Such

limitation of review upon appeal is not illegal under our State form of government.

What, however, is the effect of the Federal Constitution under the due process clause of the Fourteenth Amendment? Our Workmen's Compensation Law was before the United States Supreme Court in *New York Central R. R. Co.* v. *White* (243 U. S. 188, 194, 207), and the opinion of Mr. Justice PITNEY refers to the effect of the decision on the facts by the Commission or Board. He there stated: "No question is made but that the procedural provisions of the act are amply adequate to afford the notice and opportunity to be heard required by the Fourteenth Amendment." True, the court's attention was addressed to the law as a whole and not particularly to this question of the finality of the Board's decision on a question of fact. A similar statute was reviewed in *Mountain Timber Co.* v. *Washington* (243 U. S. 219).

The procedure under our statute appears to comply with all the requirements of due process. A claim is presented to the State Industrial Board and an opportunity is afforded for a hearing of all parties interested — the employee, the employer, the insurance carrier and any and every witness whom the parties desire to call. The hearing is conducted much like a trial with more liberality as to rules of evidence than is permitted in the ordinary case in court. When the decision is made an appeal lies by either party to the Appellate Division. That court must determine whether or not on the review of the facts there be any evidence to sustain the award. The Industrial Board or the Commission cannot make an award without evidence to support it, and this question is always open in the courts on appeal both to the Appellate Division and finally to this court. Only where there is a conflict in evidence, or the reasonable inferences to be drawn from the evidence, is the decision of the Board or Commission of this conflict

conclusive. This procedure meets all the requisites of due process as recently declared in *Dohany* v. *Rogers* (281 U. S. 362, 369), where Mr. Justice STONE, writing for the court, said: " The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he may neither claim a right to trial by jury nor a right of appeal. Its requirements are satisfied if he has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. * * * Nor does the equal protection clause exact uniformity of procedure. The Legislature may classify litigation and adopt one type of procedure for one class and a different type for another."

Neither does the hearing before the Industrial Board lack the elements of due process because the members of that Board may be laymen and not lawyers duly admitted to practice within this State. Unlike our own State Constitution there is nothing in the Federal Constitution or the acts of Congress, including the United States Judicial Code (United States Code, title 28, part 1, ch. 1), which requires judges of courts, Federal or State, to be lawyers or admitted to practice. The United States government in seeking men for its judiciary or for its United States Attorneys-General or district attorneys cannot be cramped in selection by the Legislatures of the States controlling admissions to the bar. There is no Federal question, therefore, involved in the personnel of the State Industrial Board. Due process aims at fair dealing, adequate hearing, impartial decision, and the procedure to insure these, rather than with the personal equipment of the deciding body. Some things in government must be left to the sound discretion of the appointing power.

That the determination of commissioners appointed to condemn property for water supply may be conclusive as to value was determined in *Long Island*

*Water Supply Co.* v. *Brooklyn* (166 U. S. 685, 695). " There is no denial of due process," said the court, " in making the findings of fact by the triers of fact, whether commissioners or a jury, final as to such facts, and leaving open to the courts simply the inquiry as to whether there was any erroneous basis adopted by the triers in their appraisal, or other errors in their proceedings."

As to the action of the Interstate Commerce Commission, the Supreme Court, in *Interstate Commerce Comm.* v. *Union Pacific R. R. Co.* (222 U. S. 541, 547), said: " Its conclusion, of course, is subject to review, but when supported by evidence is accepted as final; not that its decision, involving as it does so many and such vast public interests, can be supported by a mere scintilla of proof — but the courts will not examine the facts further than to determine whether there was substantial evidence to sustain the order." (See, also, *Crane* v. *Hahlo,* 258 U. S. 142.) This is the same duty which rests upon the appellate courts of our State in reviewing the determination of the Industrial Board in workmen's compensation cases. In point is *Wheeling Corrugating Co.* v. *McManigal* (41 Fed. Rep. [2d] 593.)

The appellant claims that the case of *Ohio Valley Water Co.* v. *Ben Avon Borough* (253 U. S. 287) has modified all this. Such is not the fact. The fixing of rates to be charged by a public service corporation is held by the Federal court to be legislative in nature, and no action of a commission or a public regulating board can deprive the courts of the right and power to determine whether the rate is confiscatory. Such is the *Ben Avon* case, and nothing more. The State Legislature cannot arbitrarily fix rates so low that a public utility corporation will not receive a fair return on its capital. Although hearings may be had before a legislative committee, yet they are so lacking in the elements of a judicial proceeding that the rate, when ultimately fixed, is nevertheless considered

the fiat or act of the Legislature. The act or determination does not change its nature when passed on to another body created by the Legislature and termed a public service commission or utility board. It performs the same work in fixing rates as does the Legislature. The rate directed or permitted to be charged and collected must be subject to review by the courts when claimed to be an illegal taking of property. This distinction has been reiterated in *Bluefield Water Works & Improvement Co.* v. *Public Service Comm.* (262 U. S. 679, 683), where it was stated: " The prescribing of rates is a legislative act. The commission is an instrumentality of the State, exercising delegated powers. Its order is of the same force as would be a like enactment by the legislature." (See, also, *Lehigh Valley R. R. Co.* v. *Board of Public Utility Commrs.*, 278 U. S. 24.)

As a utility rate is generally fixed after an inquiry as to the facts by some legislative committee or public service commission, the *Ben Avon* case has awakened some comment. (See Yale Law Journal, vol. XXX, pp. 681, 781; Harvard Law Review, vol. XXXIV, p. 862, and vol. XXXV, p. 139.) But there is a great body of authority that the full force and effect of the due process clause cannot be preserved if the rate-making power is removed from judicial investigation. So many are the complications in determining the question of fair return that necessity, not theory, has moved the courts to this conclusion.

Whatever confusion, however, there may be in distinguishing legislative from judicial acts regarding rates does not arise in determining the status or injuries of a workman. Here the Board or Commission determines the events that have passed — the employment, the wages, the accident, the injury. Such readily submit to oral proof, and the process of finding them is of a judicial nature. Such a Board has the dignity and the form of many of our courts, the only distinction being that of name.

We conclude that the points raised by the appellant are without merit, and that our Workmen's Compensation Law does not violate any provision of the Federal Constitution. The Supreme Court of Illinois in *Nega* v. *Chicago Railways Co.* (317 Ill. 482) arrived at the same conclusion.

*Hawkins* v. *Bleakly* (243 U. S. 210); *Booth Fisheries Co.* v. *Industrial Comm.* (271 U. S. 208) dealt with compensation acts which were elective on the part of the employee.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.