GENERAL MOTORS CORPORATION *v.* UNEMPLOYMENT COMPENSATION COMMISSION.

CLAIM OF ROSE.

ON REHEARING.

1. STATUTES—CONSTRUCTION.

The primary rule governing the interpretation of statutes is to ascertain and give effect to the intention of the legislature.

2. SAME—CONSTRUCTION—CONSTITUTION.

A court is duty bound to construe and sustain a statute as written if it is not violative of the Constitution.

3. UNEMPLOYMENT COMPENSATION—AMENDMENT—CONSTRUCTION OF STATUTES—COURTS.

Whether or not amendment of unemployment compensation act unduly restricted employee in obtaining unemployment compensation is a matter for legislative determination, as courts have no power or authority to pass upon the wisdom, policy or equity of legislation (Act No. 1, § 29, subd. [c], par. 4, Pub. Acts 1936 [Ex. Sess.], as added by Act No. 246, Pub. Acts 1943).

4. SAME—BENEFITS—LABOR DISPUTE RESULTING IN STOPPAGE OF WORK IN EMPLOYEE'S DEPARTMENT.

An employee is not entitled to unemployment compensation benefits where unemployment was established as due to stoppage of work in employee's establishment, department or unit re-

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am. Jur., Statutes, § 223.
[2] 50 Am. Jur., Statutes, § 227.
[3] 14 Am. Jur., Courts, § 203.
[4] 48 Am. Jur., Social Security, Unemployment Insurance, etc., § 36.
[4] Construction and application of provisions of social security or unemployment compensation acts regarding disqualification for benefits because of labor disputes or strikes. 135 A.L.R. 920; 148 A.L.R. 1309; 154 A.L.R. 672; 173 A.L.R. 490.

sulting from labor dispute in another establishment, department or unit of the same employing unit by which claimant was then employed (Act No. 1, § 29, subd. [c], par. 4, Pub. Acts 1936 [Ex. Sess.], as added by Act No. 246, Pub. Acts 1943).

Appeal from Ingham; Hayden (Charles H.), J. Submitted on rehearing October 13, 1948. (Docket No. 80, Calendar No. 44,050.) Decided on rehearing November 12, 1948. See former opinion, *ante,* 604. Rehearing denied December 17, 1948.

Certiorari by General Motors Corporation to review award of Appeal Board of the Michigan Unemployment Compensation Commission granting compensation to Ahira H. Rose, Jr. Order reversing award. Defendant Rose appeals. Judgment of circuit court disallowing benefits affirmed on rehearing.

*Henry M. Hogan (E. V. Gilliland,* of counsel), for plaintiff.

*Maurice Sugar, Ernest Goodman* and *Morton A. Eden,* for claimant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for defendant Michigan Unemployment Compensation Commission.

*Amici Curiae:*
*Beaumont, Smith & Harris (Frank E. Cooper,* of counsel), for Michigan Manufacturers' Unemployment Compensation Bureau, Inc.

*William T. Gossett (Malcolm L. Denise* and *Richard A. Fellrath,* of counsel), for Ford Motor Company.

## On Rehearing.

North, J. Upon rehearing this case and after careful consideration we conclude that the result reached in our former opinion was erroneous.

In effect we therein held that by adding to the statute* paragraph (4), subdivision (c), section 29, Act No. 246, Pub. Acts 1943,† a limitation was placed upon paragraphs (1), (2) and (3) which immediately preceded paragraph (4); instead of holding, as we now conclude, that by enacting paragraph (4) the legislature intended to and did supplement the conditions previously specified in paragraphs (1), (2) and (3) which disqualify an employee for receiving unemployment compensation.‡

Reference to our former opinion will disclose the factual background of the instant case and also that to reach the conclusion therein announced it was necessary to resort to an alteration of the wording of the amendment as enacted, as well as to depart somewhat from the structural setup of the statute. In so doing we think we exceeded the proper exercise of our judicial powers.

On this rehearing we conclude, as urged by appellees, that when the legislature amended section 29 of the act by adding paragraph (4) to subdivision (c) of that section, it placed in the statute an additional condition under which, if established, an employee would be disqualified for receiving unemployment compensation. This conclusion quite conclusively follows from the structural setup of the statute as amended. As embodied by the amendment in the statute, paragraph (4) is coordinated

---

* Act No. 1, Pub. Acts 1936 (Ex. Sess.).—Reporter.

† Comp. Laws Supp. 1945, § 8485–69, Stat. Ann. 1946 Cum. Supp. § 17.531.—Reporter.

‡ For context of statute see *General Motors Corporation v. Unemployment Compensation Commission*, 321 Mich. 604, and its accompanying footnote.

with the immediately preceding paragraphs (1), (2) and (3). In each of these three preceding paragraphs the legislature has specified a circumstance or condition which, if "established," results in the employee being directly involved in the labor dispute as a matter of law, and therefore disqualified for unemployment compensation. In the same subdivision (c) of section 29 and correlated with paragraphs (1), (2) and (3), paragraph (4) was added; and this added paragraph defines a condition of disqualification not embodied in paragraphs (1), (2) or (3), in that such disqualification arises if the employee "shall have become unemployed because of a stoppage of work which was directly caused in his particular establishment or department or unit by and solely because of a stoppage of work due to a labor dispute which was then in progress in some other establishment or department or unit of the same employing unit by whom he (the employee) was then employed," even though there was "no labor dispute in the particular establishment or department or unit in which he was then employed."

Construing paragraph (4) as an added condition of disqualification (instead of a modification of or limitation upon paragraphs [1], [2] and [3]) does not result in its being necessary to substitute other words not found in the statute for those therein used by the legislature, nor does it necessitate departure from the arrangement of the context of the statute. And what is more important, the construction of paragraph (4) herein adopted, we think, is in accord with the purpose and meaning intended by the legislature as disclosed by the context of the amendment.

"The primary rule governing the interpretation of statutes is to ascertain and give effect to the in-

tention of the legislature. The Court said in *City of Grand Rapids* v. *Crocker,* 219 Mich. 178, 182:

" 'All others serve but as guides to- assist the courts in determining such intent with a greater degree of certainty.' " *Detroit Trust Co.* v. *Hartwick,* 278 Mich. 139, 147, 148.

The Court is in duty bound to construe and sustain a legislative enactment as written if it is not violative of constitutional provisions. Whether this amendment to the statute is or is not unduly restrictive as to an employee obtaining unemployment compensation, is a matter for legislative determination.

"In the interpretation of a statute, this Court has no power or authority to pass upon the wisdom, policy or equity thereof. * * * The intention of the legislature governs, and this intention must be ascertained from the statute itself; though in doubtful cases, the title may be resorted to though it is no part of the statute." *People* v. *Powell,* 280 Mich. 699, 703 (111 A.L.R. 721).

Under the conditions specified in paragraph (4), subdivision (c), of section 29, if established, the legislature has provided that the employee, *as a matter of law,* is "directly involved" in the labor dispute; and by reason of its being established that the employee is thus "directly involved" in the labor dispute he is disqualified for receiving unemployment benefits. It follows in the instant case that under paragraph (4) of subdivision (c) appellant was "directly involved" and in consequence thereof he was disqualified from receiving unemployment compensation.

The judgment to that effect entered in the circuit court is affirmed, but without costs.

SHARPE, BOYLES, REID, DETHMERS, and CARR, JJ., concurred with NORTH, J.

BUSHNELL, J. (*dissenting*).   On rehearing and reargument I adhere to the view expressed in the Court's opinion as reported in 321 Mich. beginning at page 604.   I would therefore reverse and remand for entry of judgment affirming the holding of the unemployment compensation commission, with costs of both courts to appellant.

BUTZEL, J., did not sit.