FRENCH *v.* COUNTY OF INGHAM.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FRAUD—PARTIES.
    Issue of fraud, alleged to exist in petitions to annex territory to a home-rule city, is not considered on appeal, where issue is not raised on appeal and trial court found such claim had not been properly presented, as there was no claim of such conduct on the part of the defendant county or defendant board of supervisors and parties who were claimed to have acted fraudulently were not parties to the case.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 812 *et seq.*
[2] 3 Am Jur, Appeal and Error §§ 830, 831.
[3] 42 Am Jur, Public Administrative Law § 209 *et seq.*
[4] 37 Am Jur, Municipal Corporations § 24.
[6] 42 Am Jur, Public Administrative Law § 211.
[7] 50 Am Jur, Statutes §§ 223, 224.
[8] 50 Am Jur, Statutes § 219.

2. SAME—QUESTIONS REVIEWABLE—VALIDITY OF STATUTE—PLEADING.
   The validity of provisions of home-rule city act is not de-
   termined on appeal, where, although such matter was referred
   to in plaintiffs' pleading, they have not urged their objections
   to its validity on their appeal from decree dismissing their
   bill of complaint.

3. CONSTITUTIONAL LAW—COURTS—BOARD OF SUPERVISORS—ANNEX-
   ATION—SUFFICIENCY OF PETITIONS.
   A court of equity may not interfere to prevent a board of super-
   visors from passing upon the sufficiency of petitions to
   annex township territory to a home-rule city, as it may not
   be assumed that a proper conclusion will not be reached on
   the question of whether the petitions comply with the home-
   rule act and there may be no judicial usurpation of the func-
   tions of administrative bodies with reference to the sufficiency
   of such petitions (CL 1948, §§ 117.6, 117.8).

4. MUNICIPAL CORPORATIONS—CHANGE OF BOUNDARIES—BOARD OF
   SUPERVISORS.
   It is proper for the legislature to delegate to the board of
   supervisors the matter of changing boundaries of political
   subdivisions within the county by way of annexation, es-
   pecially where a referendum is attached to the procedure (CL
   1948, § 117.1 et seq.).

5. SAME—ANNEXATION—PETITIONS—BOARD OF SUPERVISORS.
   Provision of statute that legality and sufficiency of petitions
   to annex territory shall not be questioned after the board
   of supervisors had made an affirmative finding in such respect
   and approved the petitions, intended to prevent undue delay
   resulting from litigation, may not be defeated by a suit
   in equity in advance of such action in order to obtain a judicial
   determination of a question on which the board is required,
   by statute, to pass (CL 1948, §§ 117.6, 117.8).

6. ADMINISTRATIVE LAW—FINDINGS OF FACT FINAL.
   The legislature may in its discretion give finality to the findings
   of fact by administrative boards.

7. STATUTES—CONSTRUCTION—INTENT.
   It is the duty of a court to construe a statute in accordance with
   its obvious intent.

8. SAME—COURTS—POLICY—CONSTRUCTION.
   A court is without authority to pass on the wisdom, policy, or
   equity of a statute, but must construe it as enacted.

9. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES—ANNEX-
ATION TO A HOME-RULE CITY.

No costs are allowed in suit to enjoin a board of supervisors
from passing on the validity of petitions to annex territory
from a township to a home-rule city, where the interpretation
of statutory provisions is involved and the controversy is
one affecting the public interest (CL 1948, § 117.1 *et seq.*).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted May 17, 1955. (Docket No. 50, Calendar No. 46,272.) Decided June 29, 1955.

Bill by Robert E. French and 6 other taxpayers against the County of Ingham and its Board of Supervisors to enjoin elections on petitions for annexation of territory to the City of Lansing. Decree for defendants dismissing bill. Plaintiffs appeal. Affirmed.

*Benjamin F. Watson* (*Robert T. Arvidson,* of counsel), for plaintiffs.

*Charles E. Chamberlain,* Prosecuting Attorney, and *Donald A. Jones,* Assistant Prosecuting Attorney, for defendants.

CARR, C. J. This is a suit for injunctive relief. On July 30, 1953, five petitions were filed with the Ingham county clerk requesting defendant board of supervisors to direct the holding of an election for the purpose of voting on proposed annexations of property in Lansing township to the city of Lansing. Thereafter, under date of September 9, 1953, plaintiffs in this case, who are residents and taxpayers of said township, filed their bill of complaint alleging that the petitions were irregular, fraudulent, and inadequate, that a fraudulent plan or scheme existed on the part of individuals responsible for the circulation and filing of said petitions, that the boundaries

of the various portions of Lansing township proposed to be annexed were unreasonable and improper, and that certain provisions of sections 6, 8, and 9 of the city home-rule act,* pertinent to the proceeding here in question, were unconstitutional. Injunctive relief was prayed by plaintiffs to restrain defendants from receiving, considering, and acting upon said petitions for annexation and consolidation of territory.

On the filing of the bill of complaint a show cause order issued with provision therein restraining defendants from taking action on said petitions. Following hearing on the order to show cause a temporary injunction was issued. A motion to dismiss the bill of complaint was submitted and denied, whereupon defendants filed answer, in effect denying that plaintiffs were entitled to the relief sought by them. After a hearing at which testimony was offered and received the trial judge filed a carefully considered opinion, holding therein that plaintiffs had not established their right to the relief sought. In accordance with said opinion a decree was entered dismissing the bill of complaint. The trial judge came to the conclusion that no issue of fraud was properly presented on the record before him, there being no claim of such conduct on the part of the defendants in the suit, and the persons against whom the charges were made not being parties to the case. The issue is not raised on this appeal, nor have plaintiffs urged their objections as to validity of the provisions of the city home-rule act referred to in their pleading. In consequence, no discussion of these matters is required.

As appears from his opinion, the trial judge held that he could not properly pass, in this suit, on the

* PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.*, as amended [Stat Ann 1949 Rev and Stat Ann 1951 Cum Supp § 5.2071 *et seq.*]).

issue presented as to the unreasonableness of the boundaries of the different parts of Lansing township proposed to be annexed to the city, and that the statutory provisions, above referred to, vested in the board of supervisors authority to determine whether the petitions required the calling of an election to decide the proposals. Appellants contend that such holdings were erroneous.

Requisite features of annexation proceedings are specified in section 6 of the home-rule act (CL 1948, § 117.6 [Stat Ann 1949 Rev § 5.2085]). Insofar as it is material, said section reads as follows:

"Cities may be incorporated or territory detached therefrom or added thereto, or consolidation made of 2 or more cities or villages into 1 city, or of a city and 1 or more villages into 1 city, or of 1 or more cities or villages together with additional territory not included within any incorporated city or village into 1 city, by proceedings originating by petition therefor signed by qualified electors who are freeholders residing within the cities, villages or townships to be affected thereby, to a number not less than 1 per centum of the population of the territory affected thereby according to the last preceding United States census, or according to a census to be taken as hereinafter provided, which number shall be in no case less than 100, and not less than 10 of the signatures to such petition shall be obtained from each city, village or township to be affected by the proposed change: Provided, That in the incorporation of a city from an existing village without change of boundaries the requisite number of signatures may be obtained from throughout the village without regard to the townships in which the signers are residents: Provided further, That as an alternate method in the case of an annexation proceeding in which there are less than 10 persons qualified to sign the petition living in that unincorporated territory of any township or townships proposed to be

annexed to a city, that the signatures on the petition of persons, firms, corporations, the United States government, or the State or any of its subdivisions who collectively hold record legal title to more than 1/2 of the area of the land exclusive of streets, in the territory to be annexed at the time of filing the petition, will suffice in lieu of obtaining 10 signatures from the township in which such area to be annexed lies:   And provided further, That on such petition each signature shall be followed by a description of the land and the area represented thereby and a sworn statement shall also accompany such petition giving the total area of the land, exclusive of streets, lying within the area proposed to be annexed: Provided further, That before any signatures are obtained on a petition as hereinbefore provided, such petition shall have attached to it a map or drawing showing clearly the territory proposed to be incorporated, detached, or added, and each prospective signer shall be shown such map or drawing before signing the petition.   Such petition shall be verified by the oath of 1 or more petitioners."

Section 8 of the act (CL 1948, § 117.8 [Stat Ann 1949 Rev § 5.2087]) relates to the duties of the board of supervisors in acting on the petitions.   The amendment thereto by PA 1953, No 169, is not material to any issue in this case.   The pertinent portions of said section are as follows:

"Said petition shall be addressed to the board of supervisors of the county in which the territory to be affected by such proposed incorporation, consolidation or change of boundaries is located, and shall be filed with the clerk of said board not less than 30 days before the convening of such board in regular session, or in any special session called for the purpose of considering said petition, and if, before final action thereon, it shall appear to said board or a majority thereof that said petition or the signing thereof does not conform to this act, or contains in-

correct statements, no further proceedings pursuant to said petition shall be had, but, if it shall appear that said petition conforms in all respects to the provisions of this act, and that the statements contained therein are true, said board of supervisors shall, by resolution, provide that the question of making the proposed incorporation, consolidation or change of boundaries shall be submitted to the qualified electors of the district to be affected at the next general election, occurring in not less than 40 days after the adoption of such resolution, and if no general election is to occur within 90 days, said resolution may fix a date preceding said general election for a special election on such question:   *   *   *   After the adoption of such resolution neither the sufficiency nor legality of the petition on which it is based may be questioned in any proceeding."

It appears from the foregoing statutory provisions that the legislature has specifically set forth the formalities that must be observed in the preparation, circulation, and filing of annexation petitions. It is made the duty of the board of supervisors to determine if the petitions meet the prescribed requirements. The further action of the board is contingent on the finding in this respect. Under the concluding sentence of section 8, above quoted, the resolution of the board is final and the sufficiency or legality of the petitions may not be questioned in any proceeding.

On behalf of appellants it is argued that if they may not attack the petitions after the board has acted favorably thereon, they should be permitted to do so in advance of such action. However, we are not concerned at this time with the proper scope of a judicial proceeding in certiorari or in quo warranto after the holding of an election resulting in favor of annexation. Our attention is called to the case of *Presque Isle Prosecuting Attorney* v. *Town-*

*ship of Rogers,* 313 Mich 1. That case was an action of quo warranto challenging the legality of an election on the question of incorporating the city of Rogers City. The claim was made in the circuit court that the inclusion of certain territory was unreasonable to such an extent as to require that the election be declared void. The trial judge considered the objection, coming to the conclusion that it was not well-founded. This Court declined to reverse on the ground that such conclusion was erroneous. In view of the result reached in the trial court and on appeal, we think it apparent that the decision may not be regarded as determining the scope of review in a quo warranto or certiorari proceeding after an election has been held.

In the final analysis the question presented here is whether a court of equity should interfere to prevent the defendant board of supervisors from performing the duty expressly vested in it by statute. It may not be assumed that a proper conclusion will not be reached on the question as to whether the petitions comply with the home-rule act. We have repeatedly recognized that there shall be no judicial usurpation of the functions of administrative bodies. *Goodfellow* v. *Detroit Civil Service Commission,* 312 Mich 226, 232; *Purdie* v. *Detroit Police Department Trial Board,* 318 Mich 430.

The authority of the legislature with reference to the incorporation of cities and villages and the annexation of territory thereto was recognized in *Village of Kingsford* v. *Cudlip,* 258 Mich 144. In support of the conclusion reached with reference to the question, the Court quoted (p 149) with approval from 1 McQuillin, Municipal Corporations (2d ed), § 284, pp 715, 716, and 1 Cooley, Constitutional Limitations (8th ed), p 393. It may be noted that in said case the trial court granted injunctive relief after submission of the question of annexation at an elec-

tion and a determination thereat in favor of such action. This Court reversed the decree and dismissed the bill of complaint. The decision was cited with approval in *Presque Isle Prosecuting Attorney* v. *Township of Rogers, supra,* the Court also quoting from the opinion in *Oakman* v. *Board of Supervisors of Wayne County,* 185 Mich 359, where it was said (pp 362, 363):

"The changing of the boundaries of political divisions is a legislative question, and the power to annex territory to municipalities has often been delegated to boards of supervisors or other public bodies. In view of this, we see no valid objection to the power being delegated to boards of supervisors with a referendum attached, especially since the Constitution has recognized the principle of referendum. We think this objection is without merit."

The statutory provisions, above cited, clearly indicate that the legislature intended to vest the board of supervisors with the authority to pass on the legality and sufficiency of annexation petitions. In the event of an affirmative finding in such respects, it is made the board's duty to adopt a resolution for the submission of the question of annexation. Apparently the provision that such resolution shall not thereafter be questioned was intended to prevent undue delay resulting from litigation. Obviously, however, such purpose would be defeated if a suit in equity may be maintained in advance of action by the board, in order to attain a judicial determination of the question on which the board is, under the statute, required to pass. In this connection the decision in *Kern* v. *Board of Supervisors of St. Clair County,* 160 Mich 11, is of interest. There the plaintiff by mandamus sought to compel the board of supervisors to conduct an investigation as to the sufficiency of petitions asking that an election be

called under the so-called local option law then in force. Under the pertinent provisions of the statute it was the duty of the board to determine from the papers and records before it whether there had been compliance therewith. In the event of an affirmative conclusion on such question the board had no discretion, the duty to call the election being mandatory. In discussing the issue and the duties of the board, it was said, in part (p 15):

"The legislature carefully pointed out the procedure, and to our minds has plainly indicated an intent that it should not be subjected to the delays and obstacles that might be devised by persons interested in preventing a vote upon the question. Where the very worst that can happen is the taking a vote of the people upon a question of general interest, there is no serious objection to legislative action p. oviding for a somewhat summary means of ascertaining the desire for such vote. It may be that fraudulent and careless practices may interfere with the satisfactory working of this law, but we do not anticipate such result. In that case, further legislation will take care of it."

The legislature may in its discretion give finality to the findings of fact by administrative boards. The provision of the workmen's compensation law of this State as to findings of fact of the compensation commission in the absence of fraud or mistake is an illustration of the exercise of such power.* This Court has in many cases recognized the validity of such provision. The court of appeals of New York did likewise, with reference to a similar provision of the statute of the workmen's compensation law of that State, in *Helfrick* v. *Dahlstrom Metallic Door Company*, 256 NY 199 (176 NE 141), which judgment was affirmed by the supreme court

---

* See CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.187).—REPORTER.

of the United States, *Dahlstrom Metallic Door Co.* v. *Industrial Board of New York,* 284 US 594 (52 S Ct 202, 76 L ed 511).

It is the duty of this Court to construe the provisions of the statute, above quoted, in accordance with their obvious intent. *Howard Pore, Inc.,* v. *State Commissioner of Revenue,* 322 Mich 49, 58 (4 ALR2d 1041). It is well settled that a court is without authority to pass on the wisdom, policy, or equity of a statute. It must be construed as enacted. *People* v. *Powell,* 280 Mich 699, 703 (111 ALR 721); *General Motors Corporation* v. *Unemployment Compensation Commission,* 321 Mich 724, 728. Under the situation presented in the case at bar the trial judge properly determined that equity may not interfere to prevent the defendant board of supervisors from performing the duty resting on it under the statute.

The decree is affirmed. No costs are allowed, the interpretation of statutory provisions being involved and the controversy being one affecting the public interest.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.