**John Raymond PORTER, Appellant,**

v.

**CONTINENTAL BRIDGE COMPANY and Aetna Insurance Company, Appellees.**

No. 2–57641.

Supreme Court of Iowa.

Oct. 20, 1976.

Lyle A. Rodenburg, Council Bluffs, for appellant.

Johnson, Stuart, Tinley, Peters & Thorn, Council Bluffs, for appellees.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

The controversy in this workmen's compensation case relates to the amount of permanent disability the workman sustained.

Claimant John Raymond Porter worked for several years and still works in bridge construction for his employer, Continental Bridge Company. On May 28, 1969, a crane boom fell on him, severely injuring his back

and leg. The same day a surgeon performed a decompression laminectomy. On June 2, Dr. Cemal M. Adli reduced a compound fracture of claimant's right femur, and on June 11 he performed a spinal fusion. Later claimant underwent further surgery. He also sustained injury in a subsequent fall.

On February 8, 1970, claimant returned to partial duties, performing office work, and in the summer of that year he returned to construction and became general superintendent. After he was off work again for a period as a result of his fall, he returned to work as superintendent in March 1972.

No controversy exists as to medical expenses, as to compensation paid to the date of hearing, or as to the existence of permanent compensable disability. But the parties disagree about the extent of that disability.

The Iowa Deputy Industrial Commissioner held a hearing on the extent of the disability. At the hearing claimant introduced lay testimony and the testimony of Dr. Adli. The gist of Dr. Adli's testimony is this:

Q. [claimant's attorney] Doctor, do you have an opinion, based on a reasonable degree of medical certainty, as to the percent of permanent impairment to the functions of his back as it relates to the body as a whole? . . . A. Yes, I have.

Q. What is that opinion? . . . A. I gave him 50% of impairment for his back condition. . . .

Q. Now based upon that [observation of claimant], again reasonable degree of medical certainty, do you have an opinion as to the percentage of permanent impairment of the functions of the leg? . . . A. Yes, he has a permanent impairment of the right leg in the amount of 20%.

The employer introduced the testimony of Dr. Bernard L. Kratochvil, who examined claimant on behalf of the employer and its insurance carrier:

Q. [employer and insurer's attorney] Doctor, do you have an opinion based upon your examination, findings, and the history obtained, with a reasonable degree of medical certainty, as to whether or not this patient had any permanent partial disability by reason of those conditions that you diagnosed? A. Yes.

Q. And what is that opinion? A. It was my opinion that he has a 20% permanent disability of the body as a whole due to the back injury. And also a 10% permanent disability of the right lower extremity because of the fractured femur. If we extended this disability to the right lower extremity in terms of the body as a whole, it would add another 5% disability to the body as a whole, meaning that there would be a 25% disability to the individual because of the two injuries.

In his findings, the Deputy Commissioner reviewed the evidence, including the testimony of Drs. Adli and Kratochvil, and found the permanent disability to be 35% of the body as a whole.

Claimant appealed to district court, which affirmed. He then appealed to this court.

In his opening brief and argument, claimant raises two points: the evidence is insufficient to support the Deputy Commissioner's findings on the amount of disability, and our statutes allowing the commissioner or his deputy to find the facts, without de novo judicial review, deprives claimant of due process of law. See Code 1973, §§ 86.-29, 86.30.

■ I. Fact findings by the commissioner or his deputy have the standing of a jury; we will not overturn them if they have substantial evidentiary support. *Henderson v. Jennie Edmundson Hospital,* 178 N.W.2d 429 (Iowa).

■ The fact finding here of 35% disability has substantial evidentiary support in the testimony of Dr. Kratochvil and also in the lay testimony showing the extent of claimant's activities. Claimant attacks Dr. Kratochvil's opinion, but the attack is in the nature of a jury argument to be addressed to the Deputy Commissioner, going to the weight to be given to the opinion.

We do not find merit in claimant's first point.

II. Claimant's argument of lack of procedural due process would appear to be foreclosed by *Hunter v. Colfax Consolidated Coal Co.*, 175 Iowa 245, 154 N.W. 1037, and *Hawkins v. Bleakly*, 243 U.S. 210, 37 S.Ct. 255, 61 L.Ed. 678.

Claimant endeavors to distinguish those decisions, however, on the theory that they assume fact finding by arbitration. But other decisions indicate that such a distinction is without substance. *Voehl v. Indemnity Ins. Co.*, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676; *Nega v. Chicago Rys.*, 317 Ill. 482, 148 N.E. 250; *Helfrick v. Dahlstrom Metallic Door Co.*, 256 N.Y. 199, 176 N.E. 141, affd. sub nom. *Metallic Door Co. v. Industrial Bd. of N. Y.*, 284 U.S. 594, 52 S.Ct. 202, 76 L.Ed. 511. See Anno. 39 A.L.R. 1064. As a general principle of administrative law, most courts now hold that the substantial evidence rule satisfies due process and that the constitution does not mandate de novo judicial review. Davis, Administrative Law Text, § 29.08 at 539–542 (3rd ed.).

In any event, the argument claimant now makes is of the kind which must be raised before the commissioner (or here, the deputy), in order to receive judicial consideration. See *Polson v. Meredith Publishing Co.*, 213 N.W.2d 520, 523 (Iowa). Claimant did not make the argument before the Deputy Commissioner.

We hold that claimant's second point is not well taken.

III. What we have said controls additional arguments which claimant makes in his reply brief, with one exception. Claimant argues in his reply that the Deputy Commissioner's findings do not come up to the requirement that findings be "sufficiently certain to enable a reviewing court to ascertain with reasonable certainty the factual basis on which the administrative officer or body acted." *Catalfo v. Firestone Tire & Rubber Co.*, 213 N.W.2d 506, 509 (Iowa). We hesitate to address this argument, since claimant raised it after the employer had filed its brief. We have however re-examined the Deputy Commissioner's findings, and we hold they measure up to the *Catalfo* requirement. See also *Sondag v. Ferris Hardware*, 220 N.W.2d 903 (Iowa). We have no difficulty understanding the basis of the Deputy Commissioner's decision.

The case does not involve the problem in *McDowell v. Town of Clarksville*, 241 N.W.2d 904, 908–909 (Iowa).

The district court properly upheld the decision of the Deputy Commissioner.

AFFIRMED.